## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES FIRE INSURANCE CO., et al.,

                Plaintiffs,

v.                                                  Case No. 05-2192-JWL-DJW

BUNGE NORTH AMERICA, INC., et al.,

                Defendants.

## AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following protective provisions shall govern all proceedings conducted by the parties in this action:

1. As part of the discovery process in this case, the parties need to disclose documents that are protected by express confidentiality agreements which predate this litigation. A protective order is necessary to enable the parties to: (1) meet their obligations under the confidentiality agreements, and (2) comply with their discovery obligations in this case. Thus, a party ("Responding Entity") may designate as "CONFIDENTIAL" any documents, information or material that the Responding Entity believes the disclosure of which would violate confidentiality agreements.

2. The Responding Entity shall conspicuously mark the copies of documents which contain confidential material as "CONFIDENTIAL."

3. A party shall not be obligated to challenge the designation of material as "CONFIDENTIAL" at the time it is made, and failure to do so shall not preclude subsequent challenge thereto.

4. Material designated as "CONFIDENTIAL" may be used only for the purpose of: (a) preparing for and conducting investigation, discovery, pretrial, trial and appellate proceedings in this action (the "Action"); (b) negotiating any agreement between and among two or more Parties to this Action, including, without limitation, any cost-sharing agreements, joint-defense agreements, or settlement agreements; or (c) in accordance with Paragraph 6 of this Protective Order.

5. Counsel for each party shall take all reasonable precautions necessary to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" information. If "CONFIDENTIAL" information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party that produced the information and, without prejudice to other rights and remedies of the other parties, must make every effort to prevent further disclosure by the person who received the information that is "CONFIDENTIAL." The Parties will cooperate in the retrieval of inadvertently disclosed CONFIDENTIAL documents or information.

6. Except as the Court may otherwise expressly direct, and subject to the further conditions imposed by this Order, material that is designated as "CONFIDENTIAL" may be disclosed only to the following persons and entities:

(a) Counsel for the parties to this Action, and to paralegal assistants, office clerks, secretaries and other such personnel working under counsel's supervision;

(b) In-house counsel for the parties, and employees, officers, directors or representatives of the parties (and their assistants) who are, in the normal course of business, involved in the review, evaluation, audit or handling of the Action;

(c) Expert witnesses and/or consulting experts, their associates, assistants, and other personnel employed directly by such experts who agree to be bound by the terms of this Order,

(d) Employees and former employees of the parties to the extent that such employees and former employees are actual or potential witnesses or consultants, and only to the extent that the "CONFIDENTIAL" material is shown to them for purposes of this Action;

(e) Actual witnesses during trial or any hearing in this litigation or actual deponents during a deposition in this litigation and their respective attorneys who are not otherwise encompassed by (a) or (b) above;

(f) The Court, court personnel and court reporters;

(g) Any entity that has an interest in the Action as a reinsurer; and

(h) Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

All persons or entities to whom "CONFIDENTIAL" material is disclosed or by whom "CONFIDENTIAL" information is used including parties, nonparties and their representatives (including paralegals and clerical personnel) shall be informed of the terms of this Protective Order. Each person and entity to whom "CONFIDENTIAL" material is disclosed pursuant to subparagraphs (c) and (h) shall be required to execute an undertaking in the form of Exhibit A prior to disclosure.

7.  If a party objects to the designation of any material as "CONFIDENTIAL," such party shall state the objection by letter to counsel for the entity (whether a party or non-party) making the designation. Grounds for such objections include, but are not limited to, the challenged material: (a) is in the public domain; (b) was known or possessed by the objecting party at the time of disclosure; (c) was received from a third-party under no obligation of confidentiality; (d) was derived or obtained independently from a third-party under no obligation of confidentiality; or (e) would not lead to unreasonable annoyance, expense, embarrassment, disadvantage or oppression if disclosed. The parties shall attempt to resolve any disagreement as to the protected nature of the "CONFIDENTIAL" information on an informal basis before seeking relief from the Court. Until objection to designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as "CONFIDENTIAL" and subject to this Order.

8.  Anything in this Order to the contrary notwithstanding, any party may use the services of a photocopying service (whether on-site or offsite), printing and binding service, or computer input or electronic discovery or database service with regard to "CONFIDENTIAL" material, provided such services are advised of the confidential nature of the documents.

9.  If deposition testimony concerning "CONFIDENTIAL" material is requested or elicited, counsel for any party may request that:

(a) The portions of the testimony, and the transcript thereof, disclosing such material be treated as "CONFIDENTIAL;" and

(b) The room in which the deposition is being taken shall, at the request of the Responding Entity, be closed except to persons who are permitted access to such documents under the terms of this Order or for questioning pertaining to such material.

This designation may also be made on the record at the time of the deposition or at any time thereafter subject to the provisions of Paragraph 10 herein. Failure to designate portions of the deposition testimony or transcript as "CONFIDENTIAL" during a deposition shall not affect a party's right to designate or re-designate such testimony or transcript in accordance with Paragraph 10. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," counsel for each party shall cause the designated pages of each transcript in its custody to immediately be marked "CONFIDENTIAL." Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER."

10. (a) If a party inadvertently produces documents or information which that party believes to be "CONFIDENTIAL," the party that inadvertently produced material without designating it as "CONFIDENTIAL" may re-designate the material within a reasonable period, but in no event less than 60 days prior to trial. Disclosure or production of material without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order and compliance with the procedures of this Paragraph shall not prejudice the right of any party to challenge the designation of material as "CONFIDENTIAL."

(b) With respect to deposition testimony, a party must designate testimony that party believes to be "CONFIDENTIAL" within a reasonable period, but in no event less than 60 days prior to trial.

11. If a witness in a deposition is shown "CONFIDENTIAL" material, the witness shall be admonished that such materials are confidential and may not be further disclosed or disseminated to any third person.

12. Any "CONFIDENTIAL" material designated by any party to be introduced at trial or as part of the record on appeal may be offered into evidence in open court unless the Responding Entity that produced the material or obtained the "CONFIDENTIAL" designation for material produced by others obtains an appropriate protective order from this Court or the Appellate Court. The Responding

Entity must be given notice and sufficient opportunity to seek protection.

13. If a party in possession of "CONFIDENTIAL" material receives a subpoena or other request seeking production or other disclosure of "CONFIDENTIAL" material, that party shall immediately give written notice to counsel for the Responding Entity that initially produced the "CONFIDENTIAL" material, stating the nature and type of "CONFIDENTIAL" material that has been sought and the date and time proposed for production or disclosure of the material. Any party objecting to the production or disclosure shall have the obligation to take timely action in the appropriate court or courts. In the event that such action is taken (e.g., a motion is filed), no "CONFIDENTIAL" material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by further order of the appropriate court(s).

14. Within thirty (30) days of conclusion of this case, including all appeals and reinsurance recovery all "CONFIDENTIAL" material and all copies thereof shall, at the request of the party which produced such information, be destroyed, except that counsel shall be entitled to retain all materials which constitute work product and such memoranda and pleadings embodying "CONFIDENTIAL" information to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof. All "CONFIDENTIAL" material disclosed to any person or party pursuant to any provision herein and any other materials returned to the parties by the Court shall also, if practicable, be destroyed as set forth above.

15. This Protective Order and the rights and duties contained herein shall survive the conclusion of this action.

16. Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any Responding Entity (including non-parties) to assert any privilege or immunity as to any documents, whether or not designated as "CONFIDENTIAL" material pursuant to this Order.

17. Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court:

(a) Additional protection for specific items of "CONFIDENTIAL" material;

        or

    (b)    Relief from the provisions of this Order with respect to specific items or categories of "CONFIDENTIAL" material. Moreover, if a party does not comply with the terms of this Order, the complaining party may petition the Court for sanctions or other appropriate relief.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 27th day of February, 2006.

                                                    s/ David J. Waxse
                                                    David J. Waxse
                                                    United States Magistrate Judge

cc:    All counsel and *pro se* parties

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, a Delaware Corporation, and THE NORTH RIVER INSURANCE COMPANY, a New Jersey Corporation,<br><br>          Plaintiffs,<br>   v.<br><br>BUNGE NORTH AMERICA, INC., et al.,<br><br>          Defendants. | Case No. 05-2192-JWL-DJW |

**AGREEMENT AND STATEMENT OF UNDERTAKING**

    I, _____, hereby acknowledge that I am to be provided access to Confidential Material supplied by _____, as defined in the Protective Order ("Protective Order") dated _____, 2006. I certify my agreement and understanding that the Confidential Material is being provided to me pursuant to the terms and restrictions of the Protective Order. I have been given a copy of and have read and understood my obligations under such Protective Order and hereby expressly agree to be bound by its terms. I clearly understand that the Confidential Material and my copies or notes relating thereto may only be disclosed or discussed with those persons permitted by the Protective Order to receive such information.

    I will return on request all materials containing Confidential Material, copies thereof and notes I have prepared relating thereto, to outside trial counsel for the party with whom I am associated. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Dated:                                               By: