## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States Fire Insurance Co. and**
**North River Insurance Co.,**

        **Plaintiffs,**

**v.**                                           **Case No. 05-2192-JWL**

**Bunge North America, Inc., as successor to**
**Bunge Corporation of Indiana; Travelers**
**Casualty and Surety Company, as successor**
**to The Aetna Casualty & Surety Company;**
**Insurance Company of North America;**
**Indemnity Insurance Company of North**
**America, as successor to INA Insurance**
**Company; Century Indemnity Company, as**
**successor to CCI Insurance Company, as**
**successor-in-interest to Insurance Company**
**of North America; and Continental Casualty**
**Company,**

        **Defendants,**

**and**

**The Fidelity and Casualty Company**
**of New York et al.,**

        **Additional Cross-Claim Defendants.**

## MEMORANDUM & ORDER

Plaintiffs filed a complaint seeking a declaration concerning the scope and nature of their obligations under certain general liability excess policies issued to defendant Bunge North America, Inc. ("Bunge"). Plaintiffs also seek a declaration concerning the scope and nature of the obligations of the remaining defendants under certain general liability primary policies issued by

those defendants to Bunge.   The underlying claim concerns Bunge's settlement of a dispute with the Kansas Department of Health and Environment ("KDHE") and the City of Hutchinson, Kansas regarding alleged environmental contamination by Bunge at Bunge's former grain elevator facility in Hutchinson (the "Hutchinson Site").

The KDHE has also named Bunge as a potentially responsible party for environmental contamination at Bunge's former grain elevator facilities in Salina, Kansas (the "Salina Site") and Kansas City, Kansas (the "Katy Elevator Site").   Plaintiffs' complaint does not seek any relief concerning Bunge's environmental liabilities at the Salina Site or the Katy Elevator Site and, in fact, plaintiffs assert in their complaint that there is no present justiciable controversy between Bunge and plaintiffs with respect to these sites as any amounts that Bunge has paid with respect to these sites have not exhausted the applicable underlying coverage.

In its answer, defendant Travelers Casualty and Surety Company ("Travelers") has asserted against Bunge a cross-claim seeking a declaration concerning the scope and nature of its obligations to Bunge with respect to claims asserted against Bunge in connection with all three sites–the Hutchinson Site, the Salina site and the Katy Elevator Site.   This matter is presently before the court on Bunge's motion to dismiss, stay or sever Travelers' cross-claim relating to the Salina and Katy Elevator Sites (doc. 118).[1]   As explained in more detail below, Bunge's motion

---

[1]Travelers filed an amended answer and cross-claim after the filing of Bunge's motion to dismiss.  In the event that the court deemed Bunge's motion to dismiss moot in light of the amended answer and cross-claim, Bunge filed a renewed motion to dismiss, stay or sever (doc. 153) that simply incorporates by reference its previous motion and memorandum in support. This motion, then, is also pending before the court but the court need not address it separately as the substantive arguments made by Bunge are contained in the first motion.

is denied without prejudice to refiling a subsequent appropriate motion, supported by evidence, if it deems doing so appropriate.[2]

*Standard*

Bunge moves to dismiss Travelers' cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of [its] claims which would entitle [it] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff.  *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003).  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

---

[2]Although Travelers requests oral argument on Bunge's motion, the court believes that oral argument is unnecessary and would not aid the disposition of the motion.  *See* D. Kan. 7.2 (oral argument is granted only at the discretion of the court).

In support of its motion, Bunge asserts only that Travelers' cross-claim relating to the Salina and Katy Elevator Sites should be dismissed or stayed because it is not ripe for adjudication as the underlying claims against Bunge have not been adjudicated or settled.   According to Bunge, it is a "well settled" and "fundamental" principle that issues relating to an insurer's duty to indemnify its insured are not ripe for adjudication absent an adjudication or settlement of the underlying claim against the insured.   Travelers opposes the motion, contending that no such bright-line rule exists and that its cross-claim is justiciable because resolution of the claim will not require resolution of key factual issues concerning the underlying claims.   As explained below, the court cannot conclude, based on the motion filed by Bunge, that no justiciable controversy exists between Travelers and Bunge.  The motion, then, is denied.

Before turning to the issues expressly presented by Bunge's motion, the court briefly addresses the fundamental choice-of-law issue.   Bunge does not address the issue in its motion and simply relies on cases from a variety of jurisdictions, both state and federal.   Travelers contends that New York law applies because its policies were issued to Bunge in New York, where Bunge was headquartered at the time the policies were issued.   Bunge then hints in its reply brief that Kansas law should apply to this action.   Despite the fact that the court's jurisdiction in this case is based on diversity, federal standards govern this court's determination of the propriety of declaratory relief under the Declaratory Judgment Act.   *See Burnham v. Humphrey Hospitality Reit Trust, Inc*., 403 F.3d 709, 712 (10th Cir. 2005) (in diversity case, procedural issues are controlled by federal law and substantive issues are controlled by state law); *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (Declaratory Judgment Act involves

procedural remedies and not substantive rights); *accord Icarom, PLC v. Howard County, Maryland*, 904 F. Supp. 454, 458 (D. Md. 1995) (federal standards govern determination of whether to entertain a declaratory judgment action).[3]   The court, then, looks to federal law in resolving Bunge's motion.

As explained above, Bunge's motion is based entirely on its assertion that claims concerning an insurer's duty to indemnify are not ripe until the insured's underlying liability has been resolved.   As it is undisputed that any claims against Bunge concerning the Salina and Katy Elevator Sites have not been adjudicated or settled, Bunge asserts that Travelers' cross-claim must be dismissed as premature.   Contrary to Bunge's argument, the Tenth Circuit has held that the "contingent nature of the right or obligation in controversy will not bar a litigant from seeking declaratory relief when the circumstances reveal a need for present adjudication." *Allendale Mut. Ins. Co. v. Kaiser Engineers, Division of Henry J. Kaiser Co.*, 804 F.2d 592 (10th Cir. 1986) (citing *Seguros Tepeyac, S.A. v. Jernigan*, 410 F.2d 718, 729 (5th Cir. 1969) (declaratory judgment appropriate to determine insurer's duty to reimburse insured for any future payments insured might make to judgment creditor); *West American Insurance Co. v. Allstate Insurance Co.*, 295 F.2d 513, 516 (10th Cir. 1961) (actual controversy existed between two insurance companies as to who had primary liability for any damages their mutual insured might be required

---

[3]While Travelers has not expressly requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this court's power to issue a declaration is derived exclusively from the Declaratory Judgment Act. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994) (Declaratory Judgment Act gives federal courts competence to make a declaration of rights) (citing *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

to pay); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) (insurer brought declaratory judgment action against its insured and an injured third party seeking a judgment that it was not liable to defend or indemnify its insured; actual controversy existed between insurer and injured party even though any claim injured party might have against the insurer was contingent upon injured party's obtaining a judgment against the insured)); *accord Stauth v. National Union Fire Ins. Co.*, 1999 WL 420401 at *13 (10th Cir. June 24, 1999) ("In the decades since *Maryland Casualty*, courts have usually been willing to decide questions relating to the existence of coverage under an insurance policy, even though such questions are often contingent on several factors, including whether a court in the underlying litigation finds the insured party liable.").

Moreover, an authoritative treatise on insurance indicates that a "finding that pre-claim declaratory judgments are ripe is particularly likely as to cases involving the insured's potential liability for pollution and environmental damage, in which the filing of a formal suit may never take place, the facts on which liability will be determined tend to be fixed, and there is a great deal of public interest in determining who will be liable and in getting the damage repaired." *See* Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* 3d § 227:39 (2005). By way of example, the authors in Couch reference *Icarom, PLC v. Howard County, Maryland*, 904 F. Supp. 454 (D. Md. 1995). In *Icarom*, the district court held that a liability insurer's declaratory judgment action seeking a declaration that its policy did not cover damage caused by pollution migrating from the insured county's landfills presented a justiciable controversy ripe for adjudication. 904 F. Supp. at 456, 458. In so deciding, the court emphasized that several landowners had instituted claims against the insured and all of the salient facts establishing a right to declaratory relief had already

occurred.  *See id.* at 458.   The court also highlighted that the parties disagreed over whether a pollution exclusion clause was part of the policy and, if so, whether the exclusion barred coverage in the case.   The court, then, rejected the insured's argument that, because the coverage dispute concerned only future claims as the landowners had not obtained a judgment against the insured, no justiciable controversy existed.  *See id.* at 457-58.

As explained in Couch, however, "not all instances of identified pollution necessarily raise a justiciable claim for a declaration concerning liability insurance coverage."   *Couch*, *supra*, § 227:39.   The key is whether the facts identifying the complaining parties and the facts forming the basis for the complaint are well developed.  *See id.*  If these elements are uncertain, the action may not be ripe.  *See id.* (explaining, by way of example, that no case or controversy existed where there was no claim or litigation against the insureds, no notice or order by a governmental agency arising out of pollution at the site, and it was not clear whether a branch of any government would ever require cleanup).    Here, Bunge has presented no evidence in support of its motion (presumably because the motion was filed pursuant to Rule 12(b)(6))[4] and, thus, there are no facts

---

[4]Several cases suggest that Bunge's motion should have been filed pursuant to Rule 12(b)(1), which would have enabled Bunge to present evidence to the court.  *See United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001) (whether a claim is ripe for adjudication bears directly on subject matter jurisdiction); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (when reviewing a factual attack on subject matter jurisdiction, district court has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1)); *see also Principal Mut. Life Ins. Co. v. Western Resources, Inc*., 963 F. Supp. 1071 (D. Kan. 1997) (in environmental contamination case, defendant's motion to dismiss declaratory judgment action for lack of justiciable controversy filed pursuant to Rule 12(b)(1) and court examined materials beyond the complaint); *Icarom*, 904 F. Supp. at 457-58 (reviewing evidence in record when analyzing motion to dismiss declaratory judgment action based on argument that claims were not ripe for

in the record from which the court could determine whether a justiciable controversy exists between Travelers and Bunge.  To be clear, the court does not conclude today that a justiciable controversy exists between Travelers and Bunge.  Rather, the court simply cannot conclude, based on the motion filed by Bunge, that dismissal or stay of the cross-claim is warranted.[5]  The motion to dismiss or stay, then, must be denied.[6]  Bunge may file a subsequent appropriate motion, supported by evidence, if it deems doing so appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Bunge North America, Inc.'s motion to dismiss, stay or sever (doc. 118) and its renewed motion to dismiss, stay or sever (doc. 153) are denied without prejudice.

---

adjudication).

[5]In its reply brief, Bunge sets forth additional reasons why dismissal of the cross-claim might be appropriate, suggesting that litigation of the cross-claim would cause confusion and be inefficient and prejudicial.  The court declines to address these issues as they were raised for the first time in Bunge's reply brief.  *See Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (argument raised for the first time in reply brief is waived) (citing *Coleman v. B-G Maintenance Management*, 108 F.3d 1199, 1205 (10th Cir. 1997) (issues not raised in the opening brief are deemed abandoned or waived)).

[6]Bunge also moves to sever any live claims for contribution that Travelers may have against Bunge's other primary insurers relating to the Salina and Katy Elevator Sites.  Bunge asserts that any such claims must be severed pursuant to Federal Rules of Civil Procedure 21 and 42 because it should not be required "to sit through, as a non-participant, litigation between and amongst Bunge's insurance carriers."  Travelers does not address this issue in its response and does not indicate whether such contribution claims exist.  Because this issue has not been developed by the parties and the record does not indicate that such claims have been filed, the issue seems premature at this time and the court declines to address it.

**IT IS SO ORDERED.**


Dated this 14th  day of April, 2006, at Kansas City, Kansas.


<u>s/ John W. Lungstrum                </u>
John W. Lungstrum
United States District Judge