**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 05-CV-2192 JWL/DJW |
| BUNGE NORTH AMERICA, INC., et al., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, *et al.*, | ) ) ) | |
| Additional Cross-Claim Defendants. | ) | |

**DEFENDANT CONTINENTAL INSURANCE COMPANY'S OPPOSITION TO BUNGE'S MOTION FOR AN EXTENSION OF TIME TO MEET AND CONFER REGARDING INSURERS' DISCOVERY RESPONSES AND TO FILE ANY ADDITIONAL MOTIONS TO COMPEL**

Defendant Continental Insurance Company, as successor by merger to the Fidelity & Casualty Company of New York ("F&C") by its attorneys, Brown & Dunn, P.C., submits the following memorandum in opposition to Bunge's Motion for an Extension of Time to Meet and Confer Regarding Insurers' Discovery Responses and to File Any Motions to Compel.

**BACKGROUND AND ARGUMENT**

1.  Simply stated, Bunge's motion for an extension of time lacks credibility. Bunge currently has at least six attorneys, Peter Strassner, Brian Myers, Ryan Kemper, Nicol Fitzhugh, Sarah Millin, and William Beck devoting substantial time to this matter,

and yet it contends that over the past 33 days[1] none of these attorneys had the time to "meet and confer" with any of the insurers, let alone F&C, because currently the parties are engaged in significant ongoing discovery. At the same time however, Bunge has argued on several occasions against extending any discovery deadlines in this action (Docket #s 358, 577), and at one point, even suggested that the discovery deadlines in this case should be shortened. (*See* Ex. A hereto)

    2.    Additionally, notwithstanding its assertions that it currently has no time to "meet and confer" Bunge has had no problem discussing and resolving its other discovery issues with F&C in a timely manner. For example, during the past few weeks, Bunge has negotiated and received two discovery extensions from F&C. Bunge's responses to F&C's most recent discover demands (dated December 28, 2007) were originally due on January 30, 2008, and at Bunge's request, in order to accommodate Brian Myers' scheduled two week vacation to Europe, the time to respond to those demands was extended by F&C to February 13, 2008 (Docket # 587). Yesterday (February 13, 2008), Mr. Myers, the very attorney who signed Bunge's current motion, negotiated a further extension of time from F&C to respond to F&C's discovery demands. (*See* Ex. B hereto and Docket # 601). At no point in time did he ever indicate that the instant motion would be forthcoming, nor did he attempt to "meet and confer" concerning any alleged discovery deficiencies on the part of F&C.

    3.    In fact, Bunge has never even attempted to articulate the alleged deficiencies of F&C's discovery responses. If Bunge truly believed that F&C had inadequately responded to its discovery demands, then during the 33 day period in which it has had those responses, it certainly could have set forth some basis for deeming them

---

[1]  F&C's discovery responses were timely served on January 11, 2008.

insufficient. Instead, not so much as a single phone call to F&C on the subject was ever made, and somewhat tellingly, even Bunge's motion fails to set forth one example of how F&C has failed to meet its discovery obligations.

4. Although Bunge has previously provided F&C with extensions of time to move to compel after receiving Bunge's responses to F&C's initial discovery (in mid 2007), the circumstances were extremely different from those present here. As an initial matter, Bunge's current request would for all intents and purposes extend discovery beyond the February 29, 2008 discovery deadline. Additionally, the previous extensions of F&C's time to move to compel were for the benefit of Bunge, not F&C. During that time period, F&C had already articulated to Bunge in a detailed letter (*see* Ex. C hereto)[2] its concerns about the inadequacy of Bunge's responses, and had several lengthy phone conversations to address outstanding issues. F&C was prepared to move to compel on the bases outlined in that letter, but instead, afforded Bunge the time it needed to track down and produce additional information. Eventually, over a period of several months, that information was received.

5. Finally, Bunge has been unwilling to cooperate with F&C concerning F&C's request for additional time, and that alone is a sufficient basis for denying Bunge's request. F&C previously sought more time to schedule the deposition of its final 30(b)(6) witness[3], Robert Gethard. Mr. Gethard was to be deposed on January 25, 2008. However, due to a family emergency, Mr. Gethard was forced to postpone his deposition. Since returning to work, Mr. Gethard has been committed to a time consuming project

---

[2] This letter, which was sent June 14, 2007, was erroneously dated June 14, 2006.

3

that has required significant travel that has taken him away from the office for long periods of time. Mr. Gethard believes that this will continue through the end of the month, and perhaps through early March.

6. Realizing that Mr. Gethard's schedule was fairly full, F&C requested that Bunge extend F&C the courtesy of allowing his deposition to occur shortly after the February 29, 2008 deadline. Rather than cooperate with F&C to schedule this deposition for an early March date, Bunge flatly rejected the proposal, and instead unilaterally scheduled a deposition date for Mr. Gethard.[4] (*See* Ex. D hereto).

7. Perhaps Bunge's refusal to consent to F&C's request was based upon its concern that other case deadlines are now approaching. For example, the final joint pre-trial order is due on March 7, 2008, the final pre-trial conference is March 14, 2008, and dispositive motions and motions to preclude expert testimony are due March 20, 2008.

8. If these approaching deadlines are what concerned Bunge when it refused to grant F&C's request for additional time, then it is difficult to understand how Bunge can now request additional time for itself (until March 14, 2008) to "meet and confer" and potentially move to compel against F&C while all of these other deadlines are approaching. In fact, F&C is greatly concerned that if Bunge's requested extension is granted, then it is likely that F&C will be required to brief any such motion at precisely the same time that it is briefing the March 20th motions. Clearly, F&C should not be placed in this position simply because Bunge failed to take action in a timely manner.

---

[3] F&C has already produced a 30(b)(6) witness, Kathy Coyle, for two full days of deposition testimony on approximately 30 topics relating to claims. It has also produced three claims analysts. Mr. Gethard was prepared to testify on certain underwriting topics.

4

**WHEREFORE**, F&C respectfully requests that this Court deny Bunge's motion in its entirety. However, should the court afford Bunge additional time as requested, then F&C respectfully requests that it receive a similar extension of time in which to produce Robert Gethard for his deposition..

Date: February 14, 2008
    Overland Park

> By: */s/ Julie J. Gibson*
> Julie J. Gibson #70163
> Brown & Dunn, P.C.
> 9393 W. 110th St., Suite 500
> Overland Park, Kansas 66210-1402
> Telephone: (913) 323-6840
> Facsimile: (816) 292-7050
> Email jgibson@browndunn.com
>
> And
>
> Michael J. Tricarico
> Ford Marrin Esposito Witmeyer &
> Gleser, LLP
> Wall Street Plaza 23rd Floor
> New York, New York 10005
> (212) 269-4900
> *Attorneys for defendant and Cross-Claim Defendant THE CONTINENTAL INSURANCE COMPANY, as successor by merger to the Fidelity and Casualty Company of New York*

---

[4] Counsel for F&C does not concede that it is bound by this unilaterally selected date, and is still working to determine when this deposition can take place.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing was filed electronically to the Clerk of the United States District Court for the District of Kansas, this 14th day of February, 2008 and a copy sent via electronic mail to:

| | |
|---|---|
| Michael G. Norris<br>Norris & Keplinger, L.L.C.<br>6800 College Blvd., Suite 630<br>Overland Park, KS 66211<br>mnorris@k-c-lawyers.com<br>*-and-*<br>Christopher R. Carroll<br>Kristen V. Gallagher<br>Gary S. Kull<br>Caroll, McNulty & Kull LLC<br>120 Mountain View Blvd.<br>PO Box 650<br>Basking Ridge, NJ 07920<br>ccarroll@cmk.com<br>gkull@cmk.com<br>kgallagher@cmk.com<br>*Attorneys for United States Fire Insurance Company, The North River Insurance Company, and Fairmont Specialty Insurance Company* | James M. Kirkland<br>Sonnenschein, Nath & Rosenthal, LLP<br>4520 Main St., Suite 1100<br>Kansas City, MO 64111<br>jkirkland@sonnenschein.com<br>*-and-*<br>Donna J. Vobornik<br>Meredith A. Monaco<br>Timothy Joseph Storino<br>Sonnenschein, Nath & Rosenthal, LLP<br>7800 Sears Tower<br>Chicago, IL 60606<br>dvobornik@sonnenschein.com<br>mmonaco@sonnenschein.com<br>tstorino@sonnenschein.com<br>*Attorneys for Travelers Casualty and Surety Company* |
| Michael A. Childs<br>Brown & James<br>1100 Main St., Suite 1900<br>Kansas City, MO 64105-2153<br>MChilds@bjpc.com<br>*-and-*<br>Michael J. Baughman<br>Cohn Baughman & Martin<br>333 West Wacker Dr., Suite 900<br>Chicago, IL 60606<br>Michael.baughman@mclolaw.com<br>*Attorneys for Century Indemnity Company, Indemnity Insurance Company of North America, and Insurance Company of North America* | Brian B. Myers<br>William G. Beck<br>Lathrop & Gage, L.C.<br>2345 Grand Blvd., Suite 2800<br>Kansas City, MO 64108<br>bmyers@lathropgage.com<br>bbeck@lathropgage.com<br>*-and-*<br>Peter S. Strassner<br>Ray R. Kemper<br>Joseph M. Kellmeyer<br>Thompson Coburn LLP<br>One US Bank Plaza, 26th Floor<br>St. Louis, MO 63101<br>pstrassner@thompsoncoburn.com<br>jkellmeyer@thompsoncoburn.com<br>rkemper@thompsoncoburn.com<br>*Attorneys for Bunge North America, Inc.* |
| | |

| | |
|---|---|
| Amy M. Decker<br>Geron J. Bird<br>Hinkle Elkouri Law Firm L.L.C.<br>8621 E. 21st St. North, Suite 200<br>Witchita, KS 67206-2991<br>adecker@hinklaw.com<br>gbird@hinklaw.com<br>*-and-*<br>Jamie C. Clausen<br>Rodney Q. Fonda<br>Cozen & O'Conner – Seattle<br>1201 Third Avenue, Suite 5200<br>Seattle, WA 98101-3071<br>jclausen@cozen.com<br>rfonda@cozen.com<br>*Attorneys for New Hampshire Insurance Company* | John M. Ross<br>Wallace, Saunders, Austin, Brown & Enochs, Chtd. – OP<br>10111 W. 87th Street<br>Overland Park, KS 66212<br>jmr@wsabe.com<br>*Attorneys for Navigators Management Company, Inc., Utica Mutual Insurance Company, Pennsylvania Lumbermens Mutual Insurance Company, Republic Insurance Company, Insurance Corporation of New York, Navigators Insurance Company, and Progressive Casualty Insurance Company* |

                                            */s/ Julie J. Gibson*