Exhibit C

JAMES M. ADRIAN
MICHAEL L. ANANIA
DAVID A. BEKE
CHARLES A. BOOTH
CUSHING O. CONDON
JOSEPH D'AMBROSIO
ELIZABETH M. DECRISTOFARO
THOMAS R. ESPOSITO
WILLIAM P. FORD
STUART C. LEVENE
EDWARD M. PINTER
MICHAEL J. TRICARICO
JOHN J. WITMEYER III

RICHARD B. MARRIN
OF COUNSEL

JODY M. TAWFIK
COUNSEL

VICTOR G. GLESER
(1979-1992)

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
WALL STREET PLAZA
NEW YORK, N.Y. 10005-1875
212-269-4900
TELECOPIER 212-344-4294

REBECCA S. AUERBACH
PATRICK J. BERNAL
HENRY B. BROWNSTEIN
ALFRED L. D'ISERNIA
MATTHEW G. FAVRO
MATTHEW C. FERLAZZO
SETH B. GOLDBERG
JON R. GRABOWSKI
LINDSAY S. HAMILTON*
NICHOLE M. HINMAN
ANDREW I. MANDELBAUM
JOHN C. MARLER
KYLE M. MEDLEY
LYNNE S. NISSEN
MELISSA A. PENNINGTON
ANTHONY PRESTA
ADRIAN M. SZENDEL
DANIEL E. VINISH

546 VALLEY ROAD
UPPER MONTCLAIR, N.J. 07043
973-744-3700
TELECOPIER 973-509-1565
*NOT ADMITTED IN NY

June 14, 2006

**VIA FIRST CLASS MAIL
AND ELECTRONIC MAIL**

Brian B. Myers, Esq.
Lathrop & Gage
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

RE: *United States Fire, et al. v. Bunge North America, et al.,*
Case No. 05-CV- JWL/DJW

Dear Counsel:

We reviewed your client's written responses to The Continental Insurance Company's (as successor by merger to The Fidelity & Casualty Company of New York) (hereinafter "F&C") First Set of Document Demands. I write to address numerous deficiencies in its responses. We hope that Bunge will agree to provide complete and proper responses without requiring us to seek the Court's intervention. To the extent that we cannot resolve these issues by agreement, we will file a motion to compel.

I.  **General Objections**

In paragraph 6 of Bunge's General Objections to F&C's document requests, Bunge writes that it would be impractical to review every document in Bunge's possession to determine if they are responsive to F&C's requests. In response to almost every document request made by F&C, Bunge replies that such documents were previously produced. Therefore, Bunge essentially asks F&C to engage in the same review of documents, which it believes is impractical.

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

## II. Objections and Responses to F&C's Discovery Requests

1. Broad Objections to Requests that Bunge produce documents.

Bunge makes broad and unsupported objections to F&C's requests Nos. 1-10, 13-14, 16-51, asserting in whole or in part that they are duplicative, premature, vague, ambiguous, overly broad, unlimited in time or not limited to a relevant time, unduly burdensome not reasonably calculated to lead to the discovery of admissible evidence, and protected by the attorney-client privilege or work product doctrine.

Bunge bears the burden of proof to support such conclusory objections but Bunge has provided no such evidence. *See e.g. Cory*, 225 F.R.D. at 670; *see also Twigg v. Pilgrim's Pride Corp.*, 2007 U.S. Dist. LEXIS 14669, *51 (N.D. W. Va. Feb. 28, 2007). Bunge, therefore, cannot withhold discovery owed to F&C based on any of those objections.

2. Objection to Requests that Bunge produce documents previously produced.

Bunge's response to requests Nos. 1-11, 13-51, asserting that such documents have previously been produced, is not in accordance with the Federal Rules of Civil Procedure. Bunge must identify each document responsive to every request. Fed. R. Civ. P. § 34(b); *see also Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006); *Cory v. Aztec Steel Building, Inc.*, 225 F.R.D. 667, 671-672 (D. Kan. 2005); *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 617-619 (D. Kan. 2005).

3. Objection to Requests that Bunge produce documents referring to the allegations in Bunge's Third Amended Answer.

F&C's document requests Nos. 1-9 specifically refer to allegations made in Bunge's Third Amended Answer. Bunge's response that such a request is "vague," "overbroad," and "ambiguous" makes no sense unless Bunge astonishingly did not understand what it alleged in its own pleadings. Similarly, the defense that discovery of such documents will not lead to discovery of admissible evidence is wholly illogical since Bunge put the allegations at issue. Such documents are clearly relevant to the issues in this case.

4. Objection to Requests that Bunge produce documents asserting the attorney-client privilege and work product doctrine.

Bunge asserts the attorney-client privilege and work product doctrine as a reason for not producing certain documents sought in F&C's requests Nos. 1-10, 13-51. Notwithstanding F&C's response to Bunge's conclusory objections in general, F&C does not need to remind Bunge that the attorney-client privilege does not protect documents received from or delivered to third parties or communications between Bunge and third

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

parties. It only protects communications between Bunge and its attorneys. Similarly, the work product doctrine only protects the work product *of an attorney in anticipation of litigation.* To the extent Bunge is withholding documents based on a broader understanding of these privileges, F&C demands their production.

Specifically:

1. Requests Nos. 1, 17, 18, 19B, 22, 24, 28-36, 39, 41- 44, 47, 48, 50, 51 seek in whole or in part documents from or to third parties and/or correspondences between Bunge and third parties, which are not privileged.

2. Request No 15 seeks unprivileged documents though included in Bunge's privilege log.

    a. Document number 325 is from Steve Brown, former District Manager for the Hutchinson District, to Fred Ashner, a former non-lawyer Bunge employee. As such, Bunge's claimed work product privilege does not apply.

    b. Document number 3920 is from Steve Brown to Fred Ashner and Bruce Benschoeter, former Bunge southwest regional manager, was a carbon copy recipient of the document. As such, Bunge's claimed work product privilege does not apply.

    c. Document number 3920 is from Steve Brown to Fred Ashner and Bruce Benschoeter was a carbon copy recipient of the document. As such, Bunge's claimed work product privilege does not apply.

3. Requests Nos. 8, 10, 13, 34, 40- 42 refer to information relating to F&C's policies at issue in this case and/or other agreements and contracts to which Bunge was or may have been a party. The agreements themselves are clearly not privileged.

4. Request No. 14 seeks in part the identity of Bunge's environmental consultants. Identities are not privileged information.

5. Requests Nos. 16, 19B, 20-23, 25-27, 30, 31, 39, 44- 47 seek in whole or in part Bunge's operational records, which are not privileged.

    5. Objection to Requests that Bunge produce documents referring to damages.

Requests Nos. 5, 9, 13, 37, 38, 40, 49, 51 seek in whole or in part documents that relate to the issue of damages. Clearly, such information is relevant in this case because Bunge put damages at issue in its Third Amended Answer.

152785                                    3

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

6.  Objection to Requests that Bunge produce documents referring to events not within the relevant time frame.

Bunge objects to F&C's requests Nos. 16-51 in whole or in part because the requests are unlimited in time or not limited to a relevant time frame. Notwithstanding F&C's response to Bunge's conclusory objections in general, this is not an adequate objection. First, because it is disputed as to how, when, and for how long the contamination at the Sites occurred it is not clear what the "relevant time period" is. Furthermore, simply because F&C did not provide a time frame (and in some cases it did), the requests refer to the Hutchinson and Katy Sites, which Bunge bought in or about 1948 and 1952, respectively, and sold in or about 1992 and 1988, respectively. Thus the request contains an internal temporal limitation. Additionally, because it is disputed as to how, when, and for how long the contamination at the Sites occurred, each document sought in the above requests are within the "relevant time period," however defined.

7.  Objections to Requests that Bunge produce documents that are duplicative and cumulative.

Bunge objects to numerous requests as duplicative and cumulative. Notwithstanding F&C's response to Bunge's conclusory objections in general, such requests are qualified by the phrase, "not previously produced by F&C." To the extent Bunge's duplicative objection is an admission that it has already produced such documents responsive to a particular request, it must identify them by Bates number, as noted above. Furthermore, it is astonishing that any request would be unreasonably cumulative because Bunge has refused to produce or identify documents responsive to *any* of F&C's requests.

8.  Objections to Requests that Bunge produce documents it intends to use at trial as premature.

Bunge objects, in whole or in part, to requests Nos. 2-10, 29 as premature. Notwithstanding F&C's response to Bunge's conclusory objections in general, F&C simply requests Bunge to produce all of those documents it currently intends to use at trial responsive to those requests. If Bunge is undecided as to which documents it will produce at trial, please produce them when Bunge makes such a determination.

Note, F&C will object to any documents to which Bunge seeks to admit at trial which were requested and not produced in pre-trial discovery.

9.  Objections to Requests that Bunge produce documents as unduly burdensome.

It is not unduly burdensome to identify those documents responsive to each request, which Bunge already produced, because it is required to do so by law. Fed. R. Civ. P. § 34(b); *see also Johnson*, 236 F.R.D. at 541; *Cory*, 225 F.R.D. at 671-672; *Cardenas*, 230 F.R.D. at 617-619. If Bunge asserts that producing such documents in the

152785                                                    4

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

future may be unduly burdensome, F&C wonders how Bunge can forecast the burden of producing documents it does not have. Finally, if Bunge has such documents and has yet to produce them, then Bunge must produce them because it has not sustained its burden to demonstrate such an undue burden, as required by law. *See e.g. Cory*, 225 F.R.D. at 670; *see also Twigg v. Pilgrim's Pride Corp.*, 2007 U.S. Dist. LEXIS 14669, *51 (N.D. W. Va. Feb. 28, 2007).

10. Objections not specifically addressed above.

If Bunge has asserted objections in addition to those not specifically addressed above, F&C does not waive its objections.[1] To the contrary, F&C concludes that all of Bunge's objections are inadequate to withhold the production of any and all documents sought in F&C's First Set of Document Demands.

### III. Conclusion

We ask that you respond to the issues addressed in this letter by July 28, 2007, and to confirm that Bunge has produced or identified all responsive, non-privileged documents responsive to these discovery requests. If there remain additional documents that Bunge intends to produce, please produce any such documents by that date.

Although we hope this matter can be resolved amicably, we will move to compel if necessary.

We look forward to your response.

Very Truly Yours,

FORD MARRIN ESPOSITO WITMEYER & GLESER, LLC

By: *[signature]*
Michael J. Tricarico

cc: SEE ATTACHED SERVICE LIST

---

[1] F&C has not objected to Bunge's response to F&C's request No. 12 because Bunge refused to produce or identify documents to the other Insuerers' demand for documents. If Bunge eventually does produce or identify documents to parties other than F&C in reponse to such requests, F&C's renews this request.

152785                                                     5

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

## SERVICE LIST

| | |
|---|---|
| Michael G. Norris<br>Norris & Keplinger, L.L.C.<br>6800 College Blvd., Suite 630<br>Overland Park, KS 66211<br>mnorris@k-c-lawyers.com<br>-and-<br>Gary S. Kull<br>Caroll, McNulty & Kull LLC<br>120 Mountain View Blvd.<br>PO Box 650<br>Basking Ridge, NJ 07920<br>ccarroll@cmk.com<br>gkull@cmk.com<br>kgallagher@cmk.com<br>*Attorneys for United States Fire Insurance Company, The North River Insurance Company, and Fairmont Specialty Insurance Company* | James M. Kirkland<br>Sonnenschein, Nath & Rosenthal, LLP<br>4520 Main St., Suite 1100<br>Kansas City, MO 64111<br>jkirkland@sonnenschein.com<br>-and-<br>Donna J. Vobornik<br>Sonnenschein, Nath & Rosenthal, LLP<br>7800 Sears Tower<br>Chicago, IL 60606<br>dvobornik@sonnenschein.com<br>mmonaco@sonnenschein.com<br>tstorino@sonnenschein.com<br>*Attorneys for Travelers Casualty and Surety Company* |
| Michael A. Childs<br>Brown & James<br>1100 Main St., Suite 1900<br>Kansas City, MO 64105-2153<br>MChilds@bjpc.com<br>-and-<br>Michael J. Baughman<br>Cohn Baughman & Martin<br>333 West Wacker Dr., Suite 900<br>Chicago, IL 60606<br>Michael.baughman@mclolaw.com<br>*Attorneys for Century Indemnity Company, Indemnity Insurance Company of North America, and Insurance Company of North America* | Brian B. Myers<br>Lathrop & Gage, L.C.<br>2345 Grand Blvd., Suite 2800<br>Kansas City, MO 64108<br>bmyers@lathropgage.com<br>bbeck@lathropgage.com<br>-and-<br>Peter S. Strassner<br>Thompson Coburn LLP<br>One US Bank Plaza, 26th Floor<br>St. Louis, MO 63101<br>pstrassner@thompsoncoburn.com<br>jkellmeyer@thompsoncoburn.com<br>rkemper@thompsoncoburn.com<br>*Attorneys for Bunge North America, Inc.* |
| Amy M. Decker<br>Geron J. Bird<br>Hinkle Elkouri Law Firm L.L.C.<br>8621 E. 21st St. North, Suite 200<br>Witchita, KS 67206-2991<br>adecker@hinklaw.com<br>gbird@hinklaw.com<br>-and-<br>Michael Ballnik | John M. Ross<br>Wallace, Saunders, Austin, Brown & Enochs, Chtd. – OP<br>10111 W. 87th Street<br>Overland Park, KS 66212<br>jmr@wsabe.com<br>*Attorneys for Navigators Management Company, Inc., Utica Mutual Insurance Company, Pennsylvania Lumbermens* |

152785                                                                 6

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

| | |
|---|---|
| Rodney Q. Fonda<br>Dylan Higgins<br>Cozen & O'Conner – Seattle<br>1201 Third Avenue, Suite 5200<br>Seattle, WA 98101-3071<br>jclausen@cozen.com<br>rfonda@cozen.com<br>*Attorneys for New Hampshire Insurance Company* | *Mutual Insurance Company, Republic Insurance Company, Insurance Corporation of New York, Navigators Insurance Company, and Progressive Casualty Insurance Company* |

152785                                        7