UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  Case No. 05-CV-2192 JWL/DJW ) |
| BUNGE NORTH AMERICA, INC., et al., | ) ) |
| Defendants, | ) ) |
| and | ) ) |
| THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, et al., | ) ) ) |
| Additional Cross-Claim Defendants. | ) |

**BUNGE'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO MEET AND CONFER REGARDING INSURERS' DISCOVERY RESPONSES AND TO FILE ANY NECESSARY MOTIONS TO COMPEL**

Having ignored Bunge's requests to set up a time to meet and confer regarding their respective January 11, 2008 discovery responses, as well as the customary practice of the parties throughout the lengthy discovery period in this case (which has, as a rule, involved (often multiple) agreed-to extensions of the meet and confer period with respect to discovery responses), Continental Insurance Company[1] and Travelers Casualty and Surety Company[2] have now opposed Bunge's Motion for additional time to attempt to resolve Bunge's issues with those carriers' respective January 11, 2008 discovery responses, and to file any necessary motions to

---

[1]   Continental Insurance Company is the successor by merger to The Fidelity and Casualty Company of New York ("F&C").

[2]   Travelers Casualty and Surety Company was formerly known as The Aetna Casualty and Surety Company ("Travelers").

compel.³ Following this month's mediation, and in yet another attempt to engage Travelers and F&C in meet and confer discussions (which prior invitations have remained unanswered), Bunge sent to Travelers and F&C "golden rule" correspondence detailing Bunge's issues with those carriers' recent discovery responses. Exhibits A and B. As detailed below, Travelers and F&C have now made it abundantly clear that they will not engage in *any* attempt to meet and confer regarding the deficiencies in their respective discovery responses, even though Bunge attempted to discuss the discovery responses prior to the expiration of the 30-day meet and confer period.

## I.     Travelers

As set forth in Bunge's Motion, Travelers ignored Bunge's requests to schedule a conference to discuss Travelers' January 11 discovery responses, while simultaneously refusing to agree to an extension of the meet and confer deadline.⁴ Following the February 15 mediation, which did not result in a settlement with Travelers, and in a final effort to meet and confer, Bunge sent to Travelers an email detailing its concerns with Travelers' January 11 discovery responses in an effort to narrow, and, hopefully, resolve any outstanding issues with those responses. Exhibit A (2/26/08 email from B. Beck to D. Vobornik (referencing Travelers' 1/11/08 Resp. to Bunge's Prod. Reqs. (attached hereto as Exhibit C) and Travelers' 1/11/08

---

³  As Bunge indicated might occur in its Motion, the parties' then-scheduled mediation in this case ultimately resulted in settlements with the other remaining insurers in this case, namely, Century Indemnity Company, United States Fire Insurance Company and The North River Insurance Company.

⁴  As Bunge pointed out in its Motion, Travelers' refusal to consent to the requested extension is particularly troubling in light of the fact that, in addition to consenting to numerous other extensions of time to file any motions to compel jointly (or separately) filed by the Insurers in this case, Bunge consented to not one, but ***four***, of Travelers' motions for extension of time to meet and confer and to file any motions to compel regarding a particular set of Travelers' individual discovery requests to Bunge. *See* Doc. Nos. 444 (Travelers' First Unopposed Motion for Extension of Time to File Motion to Compel); 453 (Travelers' Second Unopposed Motion for Extension of Time to File Motion to Compel); 485 (Travelers' Third Unopposed Motion for Extension of Time to File Motion to Compel); and 508 (Travelers' Fourth Unopposed Motion for Extension of Time to File Motion to Compel).

Resp. to Bunge's Interrogs. (attached hereto as Exhibit D)). As indicated in that correspondence, Bunge has only very specific and limited concerns as to a few of Travelers' January 11 discovery responses, the majority of which, if Travelers would simply confer with Bunge, could likely be very easily resolved with little effort on Travelers' part. To date, Bunge has received absolutely no response to that email. Consequently, Bunge assumes that Travelers continues to have no desire to meet and confer regarding the deficiencies in its discovery responses. To the extent that a motion to compel may ultimately be required, it will be limited to the grounds raised in Bunge's February 26 email (which is attached hereto as Exhibit A).

## II.     F&C

After being similarly rebuffed by F&C in its attempt to schedule a conference to meet and confer regarding F&C's January 11 discovery responses, Bunge also sent to F&C "golden rule" correspondence identifying the inadequacies of those responses following the mediation in this case, in a final attempt to meet and confer. Exhibit B (2/26/08 email from B. Beck to M. Tricarico (referencing F&C's 1/11/08 Resp. to Bunge's Interrogs. and Prod. Reqs. (attached hereto as Exhibit E) and F&C's 1/11/08 Resp. to Bunge's Adm. Reqs. (attached hereto as Exhibit F)). Unlike Travelers, however, F&C actually responded to Bunge's golden rule correspondence, stating its contentions that: (1) Bunge allegedly made no "real" effort to meet and confer prior to the deadline (despite the fact that Bunge requested dates from F&C's counsel to confer prior to the deadline, but F&C's counsel simply ignored Bunge's request, and despite the fact that, due to the complexity and volume of discovery in this case, the parties' course of dealing throughout the two-plus years of discovery has been to agree to often multiple extensions of the meet and confer deadline in an effort to resolve discovery issues without the necessity of Court intervention, such that Bunge would have no reason to believe that the deadline would not

be similarly extended now), and (2) because Bunge has filed its Motion for Extension, F&C is simply not required to meet and confer with Bunge regarding—much less remedy—those deficiencies unless this Court specifically orders it to. Exhibit G (2/26/08 email string between B. Beck and M. Tricarico).

As is clear from Bunge's golden rule correspondence, Bunge's issues with F&C's January 11, 2008 discovery responses are fairly narrow, and mostly concern F&C's response to the vast majority of Bunge's discovery requests with the statement that it would conduct a review of documents and supplement its responses "if necessary." Given that discovery is almost at an end (the discovery deadline is February 29, 2008), and that F&C has had more than enough time to review documents, the time has come for F&C to supplement its responses (or, at the very least, tell Bunge that it will not). In addition, although F&C's counsel indicated that he believed that certain documents requested in Bunge's golden rule correspondence had been provided to Bunge, *see* Exhibit G, Bunge has received no confirmation of that fact (nor any additional documents responsive to those requests). As is the case with Travelers, Bunge's issues with F&C's January 11, 2008 discovery responses are limited, and, to the extent that the Court grants Bunge's request for an extension of time to meet and confer but those efforts ultimately prove unsuccessful, any motion to compel would be likewise limited to the issues raised in Bunge's February 26, 2008 email to F&C's counsel.[5]

## **CONCLUSION**

As indicated in its Motion, Bunge merely requests additional time to meet and confer— or, if necessary, to file any motions to compel—regarding Travelers' and F&C's January 11,

---

[5] Robert Gethard has now been deposed. As a result, F&C's request in its Opposition to Bunge's Motion that it be afforded an extension of time to produce Robert Gethard (a deposition as to which Bunge cooperated fully in attempting to work with F&C to schedule) is now moot.

2008 discovery responses. Given the complexity of this case, the number of parties involved, the volume of discovery responses Bunge received on January 11, 2008 (eight separate sets in total), and the number of depositions that took place during the months of January and February following the extension of the discovery deadline, there was not sufficient time to fully engage in meet and confer efforts regarding Travelers' and F&C's respective January 11, 2008 discovery responses within thirty days of their receipt (particularly since both Travelers and F&C refused to respond to Bunge's requests to schedule times to discuss the responses). As Travelers and F&C well know, due to the extensive discovery and multiple parties involved in this case, the parties' course of dealing throughout this litigation has been to agree to (often multiple) extensions of the meet and confer deadlines so that the parties can engage in meaningful efforts to resolve as many written discovery issues as possible without the necessity of Court intervention. It is simply unfair for Travelers and F&C to both ignore Bunge's efforts to schedule such conferences, and then, contrary to the parties' longstanding practice in this case, oppose Bunge's request for an extension of the meet and confer deadline, to try to escape their respective discovery obligations.

Accordingly, for the reasons set forth above and in its Motion, Bunge respectfully requests that the Court grant its motion for extension of the deadline, to and including **March 14, 2008**, to meet and confer, and, if necessary, to file any motions relating to F&C and Travelers' respective discovery responses (served January 11, 2008), and for such other and further relief as the Court deems just and proper.

Respectfully submitted,


 /s/  Brian B. Myers
William G. Beck (KS Dist. Ct. No. 77974)
Brian B. Myers (KS Dist. Ct. No. 70027)
LATHROP & GAGE L.C.
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108
816-292-2000 (phone)
816-292-2001 (fax)
bbeck@lathropgage.com
bmyers@lathropgage.com

Peter A. Strassner
Joseph M. Kellmeyer
Ryan R. Kemper
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
314-552-6000 (phone)
314-552-7000 (fax)
pstrassner@thompsoncoburn.com
jkellmeyer@thompsoncoburn.com
rkemper@thompsoncoburn.com

Attorneys for Bunge North America, Inc.

6


## Certificate of Service

I hereby certify that a copy of the foregoing was served on February 28, 2008 via Notice of Electronic Filing upon the following:

| | |
|---|---|
| Michael J. Baughman<br>Brian C. Coffey<br>Erin O'Brien<br>Cohn Baughman & Martin<br>333 West Wacker Drive, Suite 900<br>Chicago, IL 60606<br>Michael.baughman@mclolaw.com<br>brian.coffey@mclolaw.com<br>erin.obrien@mclolaw.com<br><br>Attorneys for Century Indemnity Company, Indemnity Insurance Company of North America and Insurance Company of North America | Michael A. Childs<br>Brown & James, P.C.<br>1900 City Center Square<br>1100 Main Street<br>Kansas City, MO 64105<br>mchilds@bjpc.com<br><br>Attorneys for Century Indemnity Company, Indemnity Insurance Company of North America and Insurance Company of North America |
| Christopher R. Carroll<br>Denise DePekary<br>Gary S. Kull<br>Carroll, McNulty & Kull, LLC<br>120 Mountain View Blvd.<br>P.O. Box 650<br>Basking Ridge, NJ 07920<br>ccarroll@cmk.com<br>ddepekary@cmk.com<br>gkull@cmk.com<br><br>Attorneys for North River Insurance Company, United States Fire Insurance Company, and Fairmont Specialty Insurance Company | Michael G. Norris<br>Norris & Keplinger, LLC<br>6800 College Boulevard, Suite 630<br>Overland Park, KS 66211<br>mnorris@nkfirm.com<br><br>Attorneys for North River Insurance Company, United States Fire Insurance Company, and Fairmont Specialty Insurance Company |

| | |
|---|---|
| Julie J. Gibson<br>Brown & Dunn, P.C.<br>911 Main Street, Suite 2300<br>Kansas City, MO 64105-5319<br>jgibson@browndunn.com<br><br>Attorney for The Fidelity and Casualty Company of New York (CNA), and Continental Casualty Company | Charles Andrew Booth<br>Adrian M. Szendel<br>Michael J. Tricarico<br>William Patrick Ford<br>Douglas J. Steinke<br>Alfred D'Insernia<br>Ford Marrin Esposito Witmeyer & Gleser, LLP<br>Wall Street Plaza<br>88 Pine Street, 23rd Floor<br>New York, NY 10005-1875<br>cabooth@fmew.com<br>amzendel@fmew.com<br>mjtricarico@fmew.com<br>wpford@fmew.com<br>ajdinsernia@fmew.com<br>djsteinke@fmew.com<br><br>Attorneys for The Fidelity and Casualty Company of New York (CNA) |
| James L. Moeller<br>Robin Stewart<br>Sonnenschein, Nath & Rosenthal, LLP<br>4520 Main Street, Suite 1100<br>Kansas City, MO 64111<br>jmoeller@sonnenschein.com<br>rstewart@sonnenschein.com<br><br>Attorneys for Travelers Casualty and Surety Company | Donna J. Vobornik<br>Geoffrey J. Repo<br>Daniel Feinberg<br>Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL 60606<br>dvobornik@sonnenschein.com<br>grepo@sonnenschein.com<br>dfeinberg@sonnenschein.com<br><br>Attorneys for Travelers Casualty and Surety Company |

 /s/  Brian B. Myers  
An attorney for Bunge North America, Inc.