# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES FIRE INSURANCE )
COMPANY, et al., )
             )
           Plaintiffs, )
             )
          v. )    Case No. 05-CV-2192
             )    JWL/DJW
BUNGE NORTH AMERICA, INC., et al., )
             )
          Defendants. )
             )
and )
             )
THE FIDELITY AND CASUALTY COMPANY )
OF NEW YORK, *et al.*, )
             )
         Additional Cross-Claim Defendants. )

## BUNGE NORTH AMERICA, INC.'S OBJECTIONS AND RESPONSES TO THE CONTINENTAL INSURANCE COMPANY'S (AS SUCCESSOR BY MERGER TO THE FIDELITY AND CASUALTY COMPANY OF NEW YORK) REQUEST FOR ADMISSIONS

Defendant Bunge North America, Inc. ("Bunge"), pursuant to Rule 36 of the Federal

Rules of Civil Procedure, submits the following Objections and Responses to Continental

Insurance Company's (as successor by merger to The Fidelity & Casualty Company of New

York) ("F&C") Request for Admissions.

## GENERAL OBJECTION

Bunge incorporates the following General Objections into each and every objection

and/or individualized response contained herein and set forth below and into each and every

amendment, supplement or modification to these responses hereinafter provided to the specific

requests. Bunge does not waive any General Objections in response to any specific requests

propounded.

Bunge's responses and objections are based upon the results of a diligent effort to respond to F&C's Request for Admissions.  Bunge has not yet completed its investigation of the facts pertaining to this action or its discovery or preparation for trial in this action and, therefore, reserves its rights to amend, modify or supplement the objections or responses stated herein, if necessary, at a later date.

Bunge's response to each and every request in this set is made subject to and without waiving the following objections, which are set forth as follows to avoid excessive duplication.

1.     In providing this response to F&C's Request for Admissions, Bunge does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

> (a)     all objections as to competency, relevancy, materiality and admissibility;
>
> (b)     the right to object on any ground to the use or admissibility of any of the responses herein or documents produced by Bunge in response to these requests or in any subsequent proceedings, including the trial of this or any other action; and
>
> (c)     all objections as to vagueness and ambiguity.

2.     Bunge objects to each request to the extent that it seeks a legal conclusion or opinion or documents and information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other judicially recognized protection or privilege, or which contain or reflect the impressions, conclusions, opinions, legal research or theories of attorneys or their representatives for Bunge.  To the extent that any document is inadvertently produced in response to these requests, which document is properly the subject of the attorney-client privilege, attorney work product doctrine, or any other privilege, such production is not to be construed as a waiver of such privilege.

3.     Bunge construes each request not to seek the identification or contents of, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes,

letters, documents or information exchanged between or among counsel for Bunge in this action, letters and communications between or among Bunge and its counsel, and other such documents and communications that have come into existence because of this litigation.

    4.    Bunge objects to F&C's Request for Admissions to the extent that such requests are overly broad, vague, ambiguous, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. Bunge further objects to such requests to the extent they seek to impose on Bunge inappropriate burdens and expenses. As to these requests, Bunge has made a good faith effort to respond, but reserves the right to object to and to move to have vacated all such requests.

    5.    Bunge objects to all requests to the extent that they purport to cover persons and business entities which are not parties to this action, and purport to require Bunge to supply information that is not available to it and documents which are not in the possession, custody or control of Bunge or attempts to impose requirements beyond the scope of discovery as defined in Fed. R. Civ. P. 26(B)(1).

    6.    Bunge objects to these requests as overly broad and unduly burdensome to the extent they request any and all facts, information, persons or documents referring or relating to or supporting a certain matter allegation. It is not practical to review every document in Bunge's possession to determine if it may be responsive to such vaguely defined and broad requests.

    7.    Bunge objects to F&C's requests to the extent that they request Bunge to detail all of its legal contentions, witnesses and supporting facts, on the grounds that such requests are overly broad, unduly burdensome, expensive and oppressive.

    8.    Bunge objects to each request to the extent that it seeks information or documents the production of which would violate any constitutional, statutory or common law privacy right of

any entity including Bunge, any confidentiality agreement between Bunge and any entity, or court order restricting the disclosure of information or would result in the disclosure of confidential commercial information, trade secrets, proprietary information or other confidential business information of Bunge.

9.      Bunge objects to each request to the extent it seeks documents or information already provided to F&C or to which F&C has equal or greater access.

## REQUEST FOR ADMISSIONS

1.      Bunge first provided F&C with Bunge's supplemental 104(e) responses on or about January 4, 2005.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request.  Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

2.      Bunge first provided F&C with a copy of Everett Wooledge's affidavit on or about March 3, 2005.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request.  Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

3.      Bunge first provided F&C with a copy of Donald Payne's affidavit on or about April 15, 2005.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request.  Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

4.      Bunge first provided F&C with any part of an environmental report related to the Hutchinson, Kansas site at issue in this litigation on or about January 4, 2005.

**RESPONSE:** Denied.

5.      As noted on page 5 of JDC Consultants, Inc. report dated July 31, 2007, in the 1970's, a significant spill of carbon tetrachloride took place at the Hutchinson, Kansas facility at issue in this litigation.

**RESPONSE:**  Bunge objects to this request as confusing and misleading in that the July 31, 2007 report on p. 5 specifically indicates that the "spill" at the Hutchinson facility was reported to have "occurred in the 1965 to 1970 time frame." In any event, Bunge admits that a significant, sudden and accidental release or "spill" of carbon tetrachloride took place at the Hutchinson facility. Bunge lacks information or knowledge to admit or deny the remainder of this request. Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to admit or deny the remainder of the request.

6.      Bunge did not provide F&C notice of the event noted in Request for Admission No. 5 at the time it happened.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request. Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

7.      F&C was not a primary or excess insurer of Bunge at the time the spill indicated in Request for Admission No. 5 happened.

**RESPONSE:**  Denied.

8.      As noted on page 5 of JDC Consultants, Inc. report dated July 31, 2007, in 1983 a significant spill of carbon tetrachloride took place at the Hutchinson, Kansas facility at issue in this litigation.

**RESPONSE:**   Bunge objects to this request as confusing and misleading in that the July 31, 2007 report on p. 5 specifically indicates that the "spill" at the Hutchinson facility was reported to have "occurred in the 1965 to 1970 time frame." Bunge denies the remainder of this request.

9.      Bunge did not provide F&C notice of the event noted in Request for Admission No. 8 at the time it happened.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request. Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

10.     F&C was not a primary or excess insurer of Bunge at the time the spill indicated in Requests for Admission No. 8 happened.

**RESPONSE:**   Denied.

11.     A 100-150 gallon holding tank for carbon tetrachloride located at the top of the Katy elevator at issue in this litigation collapsed in the mid-1980s releasing fumigant into the environment.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request. Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

12.     Bunge did not provide F&C with notice of the event noted in Request for Admission No. 11 at the time it happened.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set forth in this request. Bunge has made reasonable inquiry and the information known or readily obtainable by Bunge is insufficient to enable Bunge to admit or deny.

13.     F&C was not a primary or excess insurer of Bunge at the time the spill indicated in Requests for Admission No. 11 happened.

**RESPONSE:**   Denied.

14.     The effective dates of all alleged F&C policies under which Bunge seeks coverage in this matter are for periods prior to 12:01 a.m., 9/29/70.

**RESPONSE:**   Based on the amounts presently known by Bunge to be involved, admitted at the present time.  Bunge reserves the right to amend this response in the event the amounts presently known by Bunge to be involved should increase.

15.     F&C Policy No. 15LZ74165 includes a two-paged Endorsement No. 9, which provides in paragraph 3(B): "If the insured's alleged liability arises out of a continuous or repeated exposure to harmful conditions, the insurance afforded shall be applicable only if the first day of the first exposure to such conditions occurs during the policy period or during any immediately prior continuous policy period wherein the insurance afforded by this endorsement was provided by this company.  All consequences of a continuous harmful condition shall be considered the result of a single occurrence."

**RESPONSE:**   Admitted that F&C Policy No. 15LZ74165 includes a two-paged Endorsement No. 9.  Except as specifically admitted, denied.  This is not a full quotation.

16.     Endorsement No. 9 to F&C policy No. 15LZ74165 is countersigned by an authorized Bunge representative.

**RESPONSE:**   Denied.

17.     If policy No. XP373766 exists and was issued by F&C as Bunge contends, it includes an endorsement which is substantively identical to the endorsement discussed in Request for Admission No. 15.

**RESPONSE:** Denied.

18.    For alleged policy No. XP373766, Bunge does not have, and has not produced:

   a.    the declarations page;

   b.    the insuring agreements;

   c.    the exclusions;

   d.    the conditions;

   e.    any endorsements;

   f.    the policy jacket; and/or

   g.    any other pages of the policy.

**RESPONSE:** Denied.

19.    For alleged policy No. 15LX1635, Bunge does not have, and has not produced:

   a.    the declarations page;

   b.    the insuring agreements;

   c.    the exclusions;

   d.    the conditions;

   e.    any endorsements;

   f.    the policy jacket; and/or

   g.    any other pages of the policy.

**RESPONSE:** Denied. Marsh has now produced and Bunge therefore now has a copy of Policy No. 15LX1636, which replaced Policy No. 15LX1635, and there is no reason to believe it differs from Policy No. 15LX1635 except as to the dates of coverage, which are recorded in a business record Bunge has produced.

20.    For alleged policy No. 15LX1636, Bunge does not have, and has not produced:

   a.    the declarations page;

    b.    the insuring agreements;

    c.    the exclusions;

    d.    the conditions;

    e.    any endorsements;

    f.    the policy jacket; and/or

    g.    any other pages of the policy.

**RESPONSE:**  Denied.

21.    For alleged policy No. LX6330976, Bunge does not have, and has not produced:

    a.    the declarations page;

    b.    the insuring agreements;

    c.    the exclusions;

    d.    the conditions;

    e.    any endorsements;

    f.    the policy jacket; and/or

    g.    any other pages of the policy.

**RESPONSE:**  Denied.  Marsh has now produced and Bunge therefore now has a copy of Policy No. 15LX1636, which was renewed by Policy No. LX6330976, and there is no reason to believe it differs from Policy No. 15LX1636 except as to the dates of coverage, which are recorded in a business record Bunge has produced.

22.    Prior to asserting claims against F&C for alleged policy number 15LX1636, Bunge gave notice of a potential claim to Utica Mutual Insurance Company and American Manufacturers Mutual Insurance Co.

**RESPONSE:**  Denied.  Based on a misunderstanding of a reference to underlying coverages in an article of secondary evidence, Utica and American Manufacturers were asked

whether or not they had issued Policy No. 15LX1636.  They confirmed they had not.  Marsh has

now produced Policy No. 15LX1636, which plainly shows it was issued by F&C.

     23.     If policy number 15LX1635 ever existed in Bunge's possession, Bunge

destroyed all copies of that policy.

     **RESPONSE:**  Denied.

     24.     If policy number 15LX1636 ever existed in Bunge's possession, Bunge destroyed

all copies of that policy.

     **RESPONSE:**  Denied.

     25.     If policy number LX6330976 ever existed in Bunge's possession, Bunge

destroyed all copies of that policy.

     **RESPONSE:**  Denied.

     26.     A signed agreement between Bunge and Travelers Casualty and Surety Company

("Travelers") requires Travelers to pay 100% of its defense costs as related to the Hutchinson,

Kansas site at issue in this litigation.

     **RESPONSE:**  Bunge admits that a signed agreement between Bunge and Travelers

requires Travelers to pay Bunge's "Defense Costs" as related to the Hutchinson, Kansas site at

issue in this litigation, as that term is defined in the agreement.  Bunge denies such request to the

extent it is inconsistent with the foregoing statement.

     27.     Travelers has paid 100% of Bunge's defense costs as related to the Hutchinson,

Kansas site at issue in this litigation.

     **RESPONSE:**  Denied.

28.     Exhibit A, hereto, (Bates range Bunge1011710-724) is (A) a genuine copy of that document and (B) is a record of regularly conducted business activity pursuant to 803(6) of the Federal Rules of Evidence.

**RESPONSE:**   Admitted that Bunge 1011710-724 is a genuine copy; otherwise denied.

29.     A signed agreement between Bunge and Travelers requires Travelers to pay 100% of its defense costs as related to the Kansas City, Kansas site at issue in this litigation.

**RESPONSE:**   Bunge admits that a signed agreement between Bunge and Travelers requires Travelers to pay Bunge's "Defense Costs" as related to the Kansas City, Kansas site at issue in this litigation, as that term is defined in the agreement. Bunge denies such request to the extent it is inconsistent with the foregoing statement.

30.     Travelers has paid 100% of Bunge's defense costs as related to the Kansas City, Kansas site at issue in this litigation.

**RESPONSE:**   Denied.

31.     Exhibit B, hereto, (Bates range Bunge7000065-79) is (A) a genuine copy of that document and (B) is a record of regularly conducted business activity pursuant to 803(6) of the Federal Rules of Evidence.

**RESPONSE:**   Admitted that Bunge 7000065-79 is a genuine copy; otherwise denied.

32.     The document bearing Bates No. Bunge2030086 was not authored by Everett Wooledge.

**RESPONSE:**   Denied. The document was written by another, but accurately records a past recollection by Everett Wooledge, and therefore the information in Bunge 2030086 could be said to have been "authored" by Everett Wooledge.

33.     From roughly November 20, 1985 to roughly July 30, 1993 Bunge did not send

any letter or facsimile to F&C regarding the potential environmental contamination at the

Hutchinson, Kansas site at issue in this litigation.

**RESPONSE:**   Bunge lacks information or knowledge to admit or deny the matter set

forth in this request.  Bunge has made reasonable inquiry and the information known or readily

obtainable by Bunge is insufficient to enable Bunge to admit or deny.

Respectfully submitted,

*Brian B. Myers*

William G. Beck (KS Dist. Ct. No. 77974)
Brian B. Myers (KS Dist. Ct. No. 70027)
Sarah E. Millin (KS Bar No. 21618)
LATHROP & GAGE L.C.
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108
816-292-2000 (phone)
816-292-2001 (fax)
bbeck@lathropgage.com
bmyers@lathropgage.com

Peter A. Strassner
Joseph M. Kellmeyer
Ryan R. Kemper
THOMPSON COBURN, LLP
One U.S. Bank Plaza
St. Louis, Missouri 63101
314-552-6000 (phone)
314-552-7000 (fax)
pstrassner@thompsoncoburn.com
jkellmeyer@thompsoncoburn.com
rkemper@thompsoncoburn.com
Attorneys for Bunge North America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on February 19, 2008 by electronic mail to:

| | |
|---|---|
| Michael J. Baughman<br>Brian C. Coffey<br>Erin O'Brien<br>Cohn Baughman & Martin<br>333 West Wacker Drive, Suite 900<br>Chicago, IL 60606<br>Michael.baughman@mclolaw.com<br>brian.coffey@mclolaw.com<br>erin.obrien@mclolaw.com<br><br>Attorneys for Century Indemnity Company, Indemnity Insurance Company of North America and Insurance Company of North America | Michael A. Childs<br>Brown & James, P.C.<br>1900 City Center Square<br>1100 Main Street<br>Kansas City, MO 64105<br>mchilds@bjpc.com<br><br>Attorneys for Century Indemnity Company, Indemnity Insurance Company of North America and Insurance Company of North America |
| Christopher R. Carroll<br>Kristin V. Gallagher<br>Gary S. Kull<br>Carroll, McNulty & Kull, LLC<br>120 Mountain View Blvd.<br>P.O. Box 650<br>Basking Ridge, NJ 07920<br>ccarroll@cmk.com<br>kgallagher@cmk.com<br>gkull@cmk.com<br><br>Attorneys for North River Insurance Company, United States Fire Insurance Company, and Fairmont Specialty Insurance Company | Michael G. Norris<br>Norris & Keplinger, LLC<br>6800 College Boulevard, Suite 630<br>Overland Park, KS 66211<br>mnorris@nkfirm.com<br><br>Attorneys for North River Insurance Company, United States Fire Insurance Company, and Fairmont Specialty Insurance Company |

| | |
|---|---|
| Julie J. Gibson<br>Brown & Dunn, P.C.<br>911 Main Street, Suite 2300<br>Kansas City, MO 64105-5319<br>jgibson@browndunn.com<br><br>Attorney for The Fidelity and Casualty<br>Company of New York (CNA), and<br>Continental Casualty Company | Charles Andrew Booth<br>Adrian M. Szendel<br>Michael J. Tricarico<br>William Patrick Ford<br>Ford Marrin Esposito Witmeyer & Gleser,<br>LLP<br>Wall Street Plaza<br>88 Pine Street, 23rd Floor<br>New York, NY 10005-1875<br>cabooth@fmew.com<br>amzendel@fmew.com<br>mjtricarico@fmew.com<br>wpford@fmew.com<br><br>Attorneys for The Fidelity and Casualty<br>Company of New York (CNA) |
| James L. Moeller<br>Sonnenschein, Nath & Rosenthal, LLP<br>4520 Main Street, Suite 1100<br>Kansas City, MO 64111<br>jkirkland@sonnenschein.com<br><br>Attorneys for Travelers Casualty and<br>Surety Company | Donna J. Vobornik<br>Geoffrey J. Repo<br>Dana Orr<br>Sonnenschein Nath & Rosenthal LLP<br>8000 Sears Tower<br>Chicago, IL 60606<br>dvobornik@sonnenschein.com<br>dorr@sonnenschein.com<br>grepo@sonnenschein.com<br><br>Attorneys for Travelers Casualty and<br>Surety Company |
| Jamie C. Clausen<br>Rodney Q. Fonda<br>Cozen & O'Connor – Seattle<br>1201 Third Ave. – Ste. 5200<br>Seattle, WA 98101-3071<br>jclausen@cozen.com<br>rfonda@cozen.com<br><br>Attorneys for New Hampshire Insurance<br>Company | Geron J. Bird<br>Amy M. Decker<br>Hinkle Elkouri Law Firm L.L.C.<br>8621 E. 21st Street North, Suite 200<br>Wichita, KS 67206-2991<br>gbird@hinklaw.com<br>adecker@hinklaw.com<br><br>Attorneys for New Hampshire Insurance<br>Company |

| | |
|---|---|
| John M. Ross<br>Wallace, Saunders, Austin, Brown &<br>Enochs, Chtd.<br>10111 W. 87th Street<br>Overland Park, Kansas 66212<br>jmr@wsabe.com<br><br>Attorneys for Insurance Corporation of<br>New York, Navigators Management<br>Company, Inc., Navigators Insurance<br>Company, Utica Mutual Insurance<br>Company, Northwestern National<br>Insurance Company of Milwaukee,<br>Wisconsin, Pennsylvania Lumbermen's<br>Mutual Insurance Company, Republic<br>Insurance Company, and Indemnity<br>Insurance Company of North America | |

*Brian B My*

_____
An attorney for Bunge North America, Inc.