## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES FIRE INSURANCE
COMPANY, et al.,

               Plaintiffs,

v.                                     Case No: 05-cv-2192-JWL-DJW

BUNGE NORTH AMERICA, INC., et al.,

               Defendants,

and

THE FIDELITY AND CASUALTY
COMPANY OF NEW YORK, et al.,

               Additional Cross-Claim Defendants.

### MEMORANDUM AND ORDER

      Pending before the Court is Defendant and Cross-Claimant Travelers Casualty and Surety

Company's ("Travelers") Motion for an Order Precluding Bunge from Adopting Insurers'[1] Experts

(doc. 621).  Travelers seeks to preclude Bunge from designating experts previously designated by

Travelers, as well as other insurers in this case, as Bunge's rebuttal experts.  Travelers first and

foremost requests that Bunge be prevented from designating six expert witnesses previously

designated by the Insurers.  Alternatively, Travelers requests that Bunge be required to narrowly

tailor and disclose the specific opinions of the six Insurers' experts that Bunge intends to present at

---

[1]Travelers Casualty and Surety Company ("Travelers"), Fidelity and Casualty Company of New York ("F&C"), United States Fire Insurance Company ("U.S. Fire"), The North River Insurance Company ("North River"), Insurance Company of North America ("INA"), Fairmont Specialty Insurance Company, Navigators Management Company, Inc., Utica Mutual Insurance Company, Navigators Insurance Company, Insurance Corporation of New York, Pennsylvania Lumbermans Mutual Insurance Company, Republic Insurance Company, Progressive Insurance Company, and New Hampshire Insurance Company ("Navigators and New Hampshire") (collectively referred to as "Insurers").

trial.   Furthermore, Travelers asks that Bunge be required to produce two of the experts for depositions and pay for the costs of the depositions.  As set forth below, the Court denies Travelers' Motion.

## I. Background

This is an action regarding insurance coverage.  Plaintiffs seek a determination concerning the scope and nature of their obligations, if any, under certain general liability excess policies issued to Bunge.  Bunge is a feed and cereal manufacturer and distributor.  The underlying claim concerns Bunge's settlement of a dispute with the Kansas Department of Health and Environment and the City of Hutchinson, Kansas regarding alleged environmental contamination by Bunge at Bunge's former grain elevator facility in Hutchinson.  Travelers asserted a cross-claim against Bunge seeking a declaration concerning the scope and nature of its obligations with respect to all three of Bunge grain elevator sites - the Hutchinson site, the Salina site, and the Katy Elevator site.

On August 2, 2007, Bunge disclosed seven experts for presentation in its case at trial.  On September 8, 2007, the Insurers, as follows, disclosed their experts.  Fidelity and Casualty Company of New York ("F&C") designated Richard J. Hughto.  Insurance Company of North America ("INA") designated Robert Karls.  INA and Travelers designated Donald Allison.  Travelers, United States Fire Insurance Company ("U.S. Fire"), and The North River Insurance Company ("North River") designated Yaron Sternberg.   Travelers also designated Richard Reiss.  Navigators Management Company, Inc., Utica Mutual Insurance Company, Navigators Insurance Company, Insurance Corporation of New York, Pennsylvania Lumbermans Mutual Insurance Company, Republic Insurance Company, Progressive Insurance Company, and New Hampshire Insurance Company (collectively "Navigators and New Hampshire") designated Curtis Welty.  On November

2

5, 2007, Bunge made eight rebuttal expert designations, which included those six experts previously designated by the Insurers.  Navigators and New Hampshire has since settled with Bunge; INA has also settled with Bunge.  Robert Karls (expert designated by INA) and Curtis Welty (expert designated by Navigators and New Hampshire) have not been deposed, nor are they scheduled for deposition.

## II. Discussion

### A.  Bunge's Use of Insurers' Experts

The first issue before the Court is whether Bunge should be precluded from designating as rebuttal experts the expert witnesses initially designated by the Insurers.

In support of its Motion, Travelers cites to a number of cases[2] where a party designated an expert and then, after the party "de-designated" the expert, the opposing party sought to offer the expert testimony in their case-in-chief.  These cases held, generally, that it is overly prejudicial to the party who de-designated the expert because a juror may assume that the party that de-designated the expert did so in an attempt to suppress evidence, possibly "destroy[ing] counsel's credibility in the eyes of the jury."[3]  These cases, however, are distinguishable from the facts in this case.  Here, the Insurers' have not "de-designated" the experts that Bunge subsequently designated as rebuttal experts.  The Court does not find Travelers' argument that it will be prejudiced if Bunge presents

---

[2]*Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999); *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Iowa 1996); *Peterson v. Willie*, 81 F.3d 1033 (11th Cir. 1996); *Healy v. Counts*, 100 F.R.D. 493 (D. Colo. 1984); *Argon v. Trustees of Columbia Univ.*, 176 F.R.D. 445 (S.D.N.Y. 1997).

[3]*Ferguson*, 189 F.R.D. at 410.

these experts as rebuttal experts to be persuasive.  Thus, the Court will deny Travelers' Motion as it relates to Bunge's ability to designate the Insurers' experts as rebuttal expert witnesses.

### B.  Bunge's Need to Clarify the Opinions it Intends to Present

The second issue presented to the Court is whether Bunge should be required to narrowly tailor and disclose the specific opinions of the Insurers' experts that Bunge intends to present at trial.

When designating its rebuttal expert witnesses, Bunge attached the reports of the two experts not designated by the Insurers and stated that the "reports of the other experts identified were served by Insurers' counsel on or about October 8, 2007."  Travelers notes the ability of a court to limit expert designations.  Travelers goes on to request that Bunge make "meaningful, witness-specific and opinion-specific" designations.  In response, Bunge says that it has fully identified the specific opinions that will be used at trial.  Bunge further argues that "Travelers' request [] defies logic" because the specific opinions Bunge will present depends upon the evidence Travelers presents at trial since these are *rebuttal* experts.[4]  The Court finds Bunge's argument to be persuasive. Therefore, the Court denies Travelers' request to order Bunge to further clarify which rebuttal experts and opinions it intends to present at trial.

### C.  Depositions of Karls and Welty

The final issue before the Court is whether Bunge should be required to produce and pay for the depositions of two of the rebuttal experts, Robert Karls and Curtis Welty.

---

[4]Bunge's Resp. to Travelers' Mot. for Order Precluding Bunge from Adopting Insurers' Experts 5.

Travelers cites Fed. R. Civ. P. 26 (b)(4)(A) to support its contention that "Travelers has an absolute right to depose all experts designated by Bunge."[5]  Fed. R. Civ. P. 26 (b)(4)(A) states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."[6]  Travelers argues that Bunge should not be allowed to call Karls or Welty at trial if they do not produce them for depositions and pay for the depositions pursuant to an alleged agreement among the parties.  Travelers also states that they were "informed that [Welty] is unwilling to appear for deposition."[7]  Bunge, however, argues that both Karls and Welty were timely designated by Bunge in November 2007 and Travelers had amply opportunity to depose either or both of them.  Discovery closed on February 29, 2008, the same day Travelers' Motion was filed. In addition, Bunge points out that Travelers could have served a subpoena on Welty in order to depose him.  Finally, Bunge states that there is no evidence, including past dealings, that Bunge ever agreed to pay the depositions of the "Insurers' experts."[8]  The Court agrees with Bunge.  Travelers had ample time to notice depositions of Karls and Welty, but failed to do so.  Therefore, the Court denies Travelers' request that Bunge be required to produce Karls and Welty for deposition and pay the costs of the depositions.

IT IS THEREFORE ORDERED THAT Travelers' Motion for Order Precluding Bunge from Adopting Insurers' Experts (doc. 621) is denied.

IT IS SO ORDERED.

---

[5]Travelers' Mot. for Order Precluding Bunge from Adopting Insurers' Experts 7.

[6]Fed. R. Civ. P. 26(b)(4)(A).

[7]Travelers' Mot. for Order Precluding Bunge from Adopting Insurers' Experts 3.

[8]Bunge's Resp. to Travelers' Mot. 6-7.

5

Dated in Kansas City, Kansas on this 4th day of April, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties