**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES FIRE INSURANCE
COMPANY, et al.,

        Plaintiffs,

v.                                                                   Case No: 05-cv-2192-JWL-DJW

BUNGE NORTH AMERICA, INC., et al.,

        Defendants,

vs.

THE FIDELITY AND CASUALTY
COMPANY OF NEW YORK, et al.,

        Additional Cross-Claim Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Bunge's Motion for Protective Order (doc. 616). Specifically, Bunge moves for a protective order, pursuant to Fed. R. Civ. P. 26(c), to preclude Travelers Casualty and Surety Company ("Travelers") from taking a second deposition of a former Bunge employee, Everett Wooledge. Two questions are presented in the Motion. First, the Court must determine whether to preclude a second deposition completely. Secondly, if the Court allows a second deposition to occur, the Court must determine whether to limit the scope of the second deposition. For the reasons stated below, the Court grants in part and denies in part Bunge's Motion.

**I. Background**

This is an action regarding insurance coverage. Plaintiffs seek a determination concerning the scope and nature of their obligations, if any, under certain general liability excess policies issued to Bunge. Bunge is a feed and cereal manufacturer and distributor. The underlying claim concerns Bunge's settlement of a dispute with the Kansas Department of Health and Environment and the

City of Hutchinson, Kansas regarding alleged environmental contamination by Bunge at Bunge's former grain elevator facility in Hutchinson. Travelers asserted a cross-claim against Bunge seeking a declaration concerning the scope and nature of its obligations with respect to all three of Bunge grain elevator sites - the Hutchinson site, the Salina site, and the Katy Elevator site.

Everett Wooledge is an 84 year old former Bunge employee. He was first deposed on November 30, 2006. Mr. Wooledge was employed by Bunge from 1943 through 1986 at the Hutchinson site. Mr. Wooledge was a laborer from 1943 to 1950, then a foreman from 1950 to 1958, and a manager from 1958 until his retirement in 1986. Mr. Wooledge suffers from macular degeneration, which affects his eyesight and limits his driving ability to local areas. He lives with his wife, who suffers from dementia. Mr. Wooledge is his wife's primary caregiver, making it difficult for him to leave their home for longer periods of time. Mr. Wooledge lives in Nickerson, Kansas. On February 14, 2008, Travelers noticed the videotaped deposition of Mr. Wooledge to occur on February 28, 2008 at the Reno County Courthouse in Hutchinson, Kansas.

**II. Discussion**

    **A. Second Deposition of Wooledge**

The first issue the Court must address is whether to allow Travelers to take a second deposition of Mr. Wooledge.

Fed. R. Civ. P. 26(c)(1) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarassment, oppression, or undue burden or expense."[1] The Court may preclude a deposition "due to a witness' failing health or the overly burdensome nature of the request . . ., particularly where the information is believed to be obtainable from another

---

[1] Fed. R. Civ. P. 26(c)(1).

source."[2]  However, "a strong showing is required before a party will be denied the right to take a deposition."[3]

Bunge argues that a second deposition is overly burdensome, due to the health issues of Mr. Wooledge and his wife.  Bunge also points out that a second deposition is costly to the parties and delays progression in this case.  Bunge also agues that Travelers violated Fed. R. Civ. P. 30(a)(2) by failing to obtain leave of the court to examine a person who has already been deposed in the case.

Travelers's response explains that during the first deposition, Mr. Wooledge testified to having authored a "blackbook," a hand-written notebook summarizing operations at the Hutchinson site from the 1940s to the 1980s.  The blackbook contains information regarding, among other things, the purchase and use of fumigant at the Hutchinson site, as well as certain components of the fumigant pump and delivery system that are directly at issue in this case. The existence of the blackbook was unknown to Travelers at the time of the first deposition.  Travelers states that the blackbook was produced by Cargill, Inc., the current owner of the Hutchinson site, subsequent to the first deposition pursuant to a third-party subpoena.  Therefore, Travelers argues that, as the sole author of the blackbook, a second deposition of Mr. Wooledge is necessary to obtain information regarding the contents of the blackbook.  Travelers also responds to Bunge's Motion by stating that they are "more than willing to agree to accommodations for Wooledge" to make the second deposition less burdensome.[4]

---

[2] *Ahrens v. Ford Motor Co.*, 340 F.3d 1142, 1147 (10th Cir. 2003).

[3] *Deines v. Vermeer MFG. Co.*, 133 F.R.D. 46, 47 (D. Kan. 1990)

[4] Travelers' Resp. to Bunge's Mot. for Prot. Order ¶10.

Bunge replies by arguing that most of the pages of the blackbook were produced prior to the first deposition and that Travelers, in fact, used some of the pages as exhibits during the first deposition of Mr. Wooledge. Furthermore, Bunge argues that Mr. Wooledge is not the only source from which to obtain the information Travelers seeks. However, Bunge points out only that other employees who have been deposed have better knowledge of the fumigant system due to their work at the Hutchinson site, Bunge does not attempt to argue that another source has information specifically related to the blackbook itself. The Court finds that Travelers should be allowed to take a second deposition of Mr. Wooledge to obtain information regarding the blackbook. However, the Court orders the parties to agree to accommodations for Mr. Wooledge to make the deposition less burdensome.

### B. Scope of the Deposition

The second issue before the Court is whether to limit the scope of the deposition to those pages of the blackbook that were not in Travelers' possession at the time of the first deposition.

Pursuant to Fed. R. Civ. P. 26(b), the Court may limit discovery, including depositions. Bunge requests that, if the Court allows the second deposition of Mr. Wooledge to occur, the scope of the second deposition be limited to those pages of the blackbook not in Travelers' possession at the time of the first deposition of Mr. Wooledge. Bunge argues that a limited deposition would prejudice Bunge and constitute an unreasonable burden and expense on Bunge and Mr. Wooledge; however, Bunge contends that even greater prejudice would result if a second deposition were not limited in scope. The Court agrees. Therefore, the Court holds that the second deposition shall be limited in scope to those pages of the blackbook that were not in Travelers' possession at the time the first deposition occurred.

IT IS THEREFORE ORDERED THAT Bunge's Motion for Protective Order (doc. 616) is denied in part and granted in part. Travelers is entitled to take a second deposition of Mr. Wooledge to obtain information regarding the blackbook. However, the Court orders the parties to agree to accommodations for Mr. Wooledge to make the deposition less burdensome and the Court further orders that the scope of the deposition be limited to those pages of the blackbook that were not in Travelers' possession at the time the first deposition of Mr. Wooledge occurred.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of April, 2008.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:   All counsel and *pro se* parties