DJW/sr

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES FIRE INSURANCE**
**COMPANY, et at.,**

    **Plaintiffs,**

    v.                                                           Case No:  05-cv-2192-JWL-DJW

**BUNGE NORTH AMERICA, INC., et al.,**

    **Defendants,**

    **and**

**THE FIDELITY AND CASUALTY**
**COMPANY OF NEW YORK, et al.,**

    **Additional Cross-Claim Defendants.**

## MEMORANDUM AND ORDER

Before the Court is Bunge's Motion to Compel Discovery From Travelers (doc. 638) (the "Motion to Compel"). Defendant Bunge North America, Inc. ("Bunge") seeks to compel Defendant Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company ("Travelers"), to produce documents and information in response to Bunge's Requests for Production and Interrogatories to Travelers Casualty and Surety Company Dated 12/7/07 (doc. 638-2), specifically Document Request Nos. 1, 2, and 3 and Interrogatory Nos. 1 and 2. Travelers opposes the Motion to Compel on its merits.

For the reasons stated below, the Motion to Compel is granted.

**I. BACKGROUND**

This is an insurance coverage action in which the parties seek judicial determination as to

certain insurers' obligations, if any, including Travelers, to defend and indemnify Bunge under certain liability policies with respect to environmental response costs that Bunge incurred or may incur relating to three grain elevator sites located in Kansas. Bunge also seeks damages from Travelers and other insurers for their alleged breach of contract and for their alleged bad faith conduct in connection with the handling of Bunge's claims for coverage with respect to the grain elevator sites.

Bunge served its requests for production and interrogatories on Travelers on December 7, 2007. Travelers initially made several objections to the discovery requests in its Objections and Responses to Bunge's Requests for Production Dated 12/7/07 (doc. 638-3) and in its Objections and Responses to Bunge's Interrogatories Dated 12/7/07 (doc. 638-4), including that the discovery requests were vague, ambiguous, unduly burdensome, and that the requested information was protected by attorney-client privilege and work product privilege. Travelers failed to assert these objections in its Opposition to Bunge's Motion to Compel (doc. 649). Travelers, as the party resisting discovery, has the burden to demonstrate how each discovery request is objectionable.[1] "To this end, '[w]hen ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel. [] Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned.'"[2] Consequently, the Court finds that Travelers has abandoned the objections it failed to assert in its Opposition to Bunge's Motion to Compel (doc. 649) and the Court will only consider

---

[1] *See Ice Corp. v. Hamilton Sundstrand Corp.*, No. Civ. A. 05-4135-JAR, 2007 WL 1364984, at *6 (D.Kan. May 9, 2007).

[2] *Id.* (*quoting Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n. 15 (D.Kan. 2005)) (internal citations omitted).

those objections raised in Travelers' Opposition to Bunge's Motion to Compel (doc. 649).

One of the objections raised by Travelers in its Opposition to Bunge's Motion to Compel is that Document Request Nos. 1, 2 and 3 and Interrogatory Nos. 1 and 2 were served at the last possible moment - exactly 33 days before the then effective discovery deadline. Travelers claims that the timing of the discovery requests "speaks volumes to the relevance (or lack thereof)" of the requested information.[3] In addition, Travelers claims that because the requested information is irrelevant, Bunge's last minute effort to discover the information "necessarily violates the rule mandating that the parties tailor their discovery requests to the specific needs of this case."[4] The Court finds this argument unpersuasive. Bunge's requests were timely, a fact that Travelers does not dispute. Assuming that the discovery requests were, as Travelers claims, made "at the last minute," this fact does not mean that Bunge failed to sufficiently tailor the requests to the needs of the case, and it doesn't render the requested information irrelevant. Accordingly, the Court overrules Travelers' objection that Bunge failed to tailor its discovery requests to the specific needs of this case.

Travelers asserts several other objections that are specific to each of the discovery requests, which the Court will address in turn.

## II. DOCUMENT REQUEST NO. 1 AND INTERROGATORY NO. 2

In its Motion to Compel, Bunge asks the Court to order Travelers to produce the documents requested in Document Request No. 1 and to answer Interrogatory No. 2. Both discovery requests concern Travelers' relationship with Johnson & Higgins (now Marsh), the insurance broker involved

---

[3] Travelers Opposition to Bunge's Motion to Compel (doc. 649), at 2.

[4] Travelers Opposition to Bunge's Motion to Compel (doc. 649), at 2.

in connection with the issuance of Travelers' policies at issue in this case. Document Request No. 1 asks for certain agreements between Travelers and Johnson & Higgins, and Interrogatory No. 2 asks Travelers to state the date and amount of any payment made by Aetna or Travelers to Johnson & Higgins or Marsh which relate to Bunge's policies or any book of business of which any Bunge policy was a part.

Travelers objects to Document Request No. 1 and Interrogatory No. 2 on the grounds that the requested information is not relevant and that Bunge had ample opportunity to gather the requested information from other sources during the course of discovery but failed to do so.

*1.    Relevance*

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[5] "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action."[6]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[7]

However, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the

---

[5] Fed. R. Civ. P. 26(b)(1) (2008).

[6] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D.Kan. 2000)(*citing Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D.Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D.Kan. 1999)).

[7] *Etienne*, 185 F.R.D. at 656 (*quoting Aramburu v. Boeing Co.*, No. Civ. A. 93-4064-SAC, 1994 WL 810246, at *1 (D.Kan. Sept. 22, 1994)) (internal quotations omitted).

4

burden [] to show the discovery relevant."[8]

The Court finds that while the relevancy of Document Request No. 1 and Interrogatory No. 2 is not readily apparent, Bunge has satisfied its burden of showing the relevancy of each discovery request. Bunge has demonstrated to the satisfaction of the Court that the discovery requests are likely to lead to admissible evidence regarding whether not Bunge satisfied its notice requirements to Travelers by informing Johnson & Higgins of its claims. The relevance of the issue of notice and, hence, the relationship between Travelers and Johnson & Higgins, is made apparent by reviewing the numerous pleadings in this case, as well as the Pretrial Order entered by the Court (doc. 691). In the Pretrial Order, Bunge asserts that it reported claims of contamination to Johnson & Higgins and that notice to Johnson & Higgins constituted notice to Travelers because Johnson & Higgins was the broker for Travelers. Travelers, on the other hand, claims in the Pretrial Order (doc. 691) that Johnson & Higgins is Bunge's broker. Travelers also claims that to prevail in this case, Bunge must, among other things, prove that all conditions precedent to coverage, including notice conditions, have been satisfied, and that Bunge failed to provide timely notice.

Thus, the Court finds that Document Request No. 1 and Interrogatory No. 2 are both relevant and the Court, therefore, overrules this objection.

*2. Ample Opportunity to Obtain Discovery Earlier in the Case*

Travelers objects to Document Request No. 1 and Interrogatory No. 2 on the grounds that Bunge had "ample opportunity" to obtain the requested information from other sources during the course of discovery, but failed to do so. Fed. R. Civ. P. 26(b)(2)(C)(ii) provides, "On motion or on

---

[8] *Id.* at 657 (*citing Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D.Kan.1996)).

its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."[9] The Court is not persuaded by this argument. Travelers has not presented sufficient support for its argument that there was ample opportunity for Bunge to obtain the requested information. Thus, the Court overrules this objection and orders Travelers to respond to Document Request No. 1 and Interrogatory No. 2.

### III. DOCUMENT REQUEST NOS. 2 AND 3 AND INTERROGATORY NO. 1

Bunge also seeks to compel Travelers to produce documents in response to Document Request Nos. 2 and 3 and to answer Interrogatory No. 1. These discovery requests ask for documents and information relating to another Travelers policyholder. Specifically, Document Request No. 2 asks for an unredacted copy of a document already produced, Document Request No. 3 asks for the claim file for the claim relating to one of the grain elevator sites asserted by the entity whose name has been redacted from another document already produced, and Interrogatory No. 1 asks Travelers to identify the name of the entity redacted from yet another document already produced. Travelers objects to these discovery requests on the grounds that the requested information is not relevant and that the requested information is confidential and proprietary both to Travelers and to the other policyholder.

    *1.    Relevance*

The Court finds that the relevance of the documents and information requested in Document Request Nos. 2 and 3 and Interrogatory No. 1 is not apparent on the face of the discovery requests.

---

[9] Fed. R. Civ. P. 26(b)(2)(C)(ii) (2008).

Thus, Bunge has the burden of demonstrating the relevancy of these discovery requests.[10] The Court finds that Bunge has satisfied this burden. The information requested by Bunge is reasonably calculated to lead to the discovery of admissible evidence concerning a number of relevant issues, including Travelers' knowledge and information regarding the grain elevator site, consistent or inconsistent positions taken by Travelers, Bunge's bad faith claims against Travelers, and any prejudice Travelers may or may not have suffered as a result of any notice it may or may not have received.

The Court must make a second inquiry with respect to the discovery requests relating to claim histories for another Travelers policyholder. "The critical evaluation that the court should make when dealing with a discovery request involving insurance claim histories is whether the need for the information, considering its relevancy and the nature of the case, outweighs the burden of the request."[11] Thus, having found that Bunge has satisfied its burden to demonstrate the relevancy of the discovery requests regarding another policyholder, the burden falls on Travelers to show that the discovery requests are unduly burdensome.[12] Travelers has not made this showing.

While Travelers' initial objections to the discovery requests included an unduly burdensome objection, the Court has already found that Travelers abandoned this objection by failing to identify and raise it in its Opposition to Bunge's Motion to Compel (doc. 649). Even if Travelers had not abandoned its unduly burdensome objection, Travelers could not demonstrate that the discovery requests relating to another policyholder are unduly burdensome because the requests focus on very

---

[10] *See Etienne*, 185 F.R.D. at 657 (*citing Pulsecard, Inc.*, 168 F.R.D. at 309).

[11] *Green Const. Co. v. Kansas Power and Light Co.*, 732 F.Supp. 1550, 1554 (D.Kan. 1990) (*citing Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 124 (M.D.N.C. 1989)).

[12] *See id.*

specific, limited information. Accordingly, the Court finds that Document Request Nos. 2 and 3 and Interrogatory No. 1 are relevant and the benefit of the requested information is not outweighed by the burden of producing the requested information. Thus, the Court overrules this objection.

### 2. *Confidential and Proprietary Information*

Travelers also objects to Document Request Nos. 2 and 3 and Interrogatory No. 1 on the grounds that the requested information constitutes confidential and proprietary information as to both Travelers and the other policyholder. The fact that requested information may be confidential does not make the requested information privileged and, thus, Travelers' objection does not shield the requested information from discovery.[13] "Although information is not shielded from discovery on the sole basis that the information requested is confidential, a party may request the court enter a protective order pursuant to Fed. R. Civ. P. 26(c) as a means to protect such confidential information."[14] Travelers has not requested that the Court enter a protective order to protect the information requested in Document Request Nos. 2 and 3 and Interrogatory No. 1. Accordingly, the Court overrules this objection and orders Travelers to respond to Document Request Nos. 2 and 3 and Interrogatory No. 1.

## IV. FEES AND EXPENSES

Bunge does not request an award of expenses or fees in connection with its Motion to Compel. The Court must nevertheless address the issue, as Fed. R. Civ. P. 37(a)(5)(A) provides for the payment of the moving party's expenses if the motion to compel discovery is granted. Under Fed. R. Civ. P. 37(a)(5)(A), if the motion to compel is granted, the court *must*, after giving an

---

[13] *See Doebele v. Sprint Corp.*, No. Civ. A. 00-2053-KHV, 2001 WL 1718259, at *7 (D. Kan. June 5, 2001).

[14] *Id.*

8

opportunity to be heard, require the party whose conduct necessitated the motion to compel to pay the movant's reasonable fees and expenses incurred in making the motion, including attorneys' fees, unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust.[15]

As Fed. R. Civ. P. 37(a)(5)(A) expressly provides, the Court may award fees and expenses under Fed. R. Civ. P. 37(a)(5)(A) only after the Court has afforded the parties the "opportunity to be heard."[16] To satisfy this requirement, the Court directs Travelers to show cause, in a pleading filed with the Court within **twenty (20) days** of the date of this Order, why it and/or its attorneys should not be required to pay the reasonable attorney fees and expenses Bunge incurred in making the Motion to Compel. Bunge shall have **eleven (11) days** thereafter to file a response thereto, if it so chooses. In the event the Court determines that fees and expenses should be awarded, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Bunge has incurred, and for the filing of any related briefs.

## V. CONCLUSION

For the foregoing reasons, Bunge's Motion to Compel (doc. 638) is granted.

**IT IS THEREFORE ORDERED** that Travelers shall produce all documents responsive to Document Request Nos. 1, 2, and 3 within **ten (10) days** of the date of this Order. Such production shall take place at the offices of Bunge's counsel or at any other location agreed upon by the parties.

---

[15] *See* Fed. R. Civ. P. 37(a)(5)(A).

[16] *See McCoo*, 192 F.R.D. at 697 (*citing* Fed. R. Civ. P. 37(a)(4) (now numbered Fed. R. Civ P. 37(a)(5))).

**IT IS FURTHER ORDERED** that Travelers shall answer Interrogatory Nos. 1 and 2 within **ten (10) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Travelers shall, within **twenty (20) days** of the date of this Order, show cause in a pleading filed with the Court, why Travelers and/or its attorneys should not be required to pay the reasonable fees and expenses that Bunge has incurred in making its Motion to Compel. Bunge shall have **eleven (11) days** thereafter to file a response thereto.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 4th day of June 2008.

                                                                s/ David J. Waxse
                                                                David J. Waxse
                                                                U.S. Magistrate Judge

cc:    All counsel and *pro se* parties