DJW/sr

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES FIRE INSURANCE
COMPANY, et at.,**

    **Plaintiffs,**

 **v.**            **Case No:  05-cv-2192-JWL-DJW**

**BUNGE NORTH AMERICA, INC., et al.,**

    **Defendants,**

 **and**

**THE FIDELITY AND CASUALTY
COMPANY OF NEW YORK, et al.,**

  **Additional Cross-Claim Defendants.**

## MEMORANDUM AND ORDER

Before the Court is Bunge's Motion to Compel Discovery From F&C and for Sanctions (doc. 640) (the "Motion to Compel").  Defendant Bunge North America, Inc. ("Bunge") seeks to compel Defendant Continental Insurance Company, as successor by merger to The Fidelity & Casualty Company of New York ("F&C"), to produce documents and information in response to Bunge's Requests for Production and Interrogatories (doc. 640-2), specifically Interrogatory No. 5 and Document Request Nos. 13, 14, and 34 through 40.  F&C argues that Bunge has failed to comply with the conference requirements of Fed.R.Civ.P. 37 and D.Kan. Rule 37.2, and also opposes the Motion to Compel on its merits.

For the reasons stated below, the Motion to Compel is granted in part and denied in part.

## I.      BACKGROUND

This is an insurance coverage action in which the parties seek judicial determination as to certain insurers' obligations, if any, including F&C, to defend and indemnify Bunge under certain liability policies with respect to environmental response costs that Bunge incurred or may incur relating to three grain elevator sites located in Kansas.  Bunge also seeks damages from F&C and other insurers for their alleged breach of contract and for their alleged bad faith conduct in connection with the handling of Bunge's claims for coverage with respect to the grain elevator sites.

Bunge served its requests for production of documents and interrogatories on F&C on December 7, 2007.  F&C initially made several general objections to the discovery requests in its Response to Bunge's Request for Production and Interrogatories (doc. 640-3), including that the discovery requests were overly broad, unduly burdensome, vexatious, oppressive, and not reasonably calculated to lead to the discovery of evidence which is material and necessary to the prosecution of this action.   F&C failed to assert these objections in its Opposition to Defendant Bunge North America, Inc.'s Motion to Compel Discovery and for Sanctions (doc. 650).  F&C, as the party resisting discovery, has the burden to demonstrate how each discovery request is objectionable.[1]

> To this end, "[w]hen ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel. [] Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned."[2]

---

[1] *See Ice Corp. v. Hamilton Sundstrand Corp.*, No. Civ. A. 05-4135-JAR, 2007 WL 1364984, at *6 (D.Kan. May 9, 2007).

[2] *Id.* (*quoting Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n. 15 (D.Kan. 2005)) (citations omitted).

Consequently, the Court finds that F&C has abandoned the objections it failed to assert in its opposition to Bunge's Motion to Compel and the Court will only consider those objections raised in F&C's Opposition to Defendant Bunge North America, Inc.'s Motion to Compel Discovery and for Sanctions (doc. 650).

## II.   CONFERENCE REQUIREMENTS

Before considering the merits of Bunge's Motion to Compel, the Court must determine whether Bunge has complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

### A.   Duty to Confer

Fed.R.Civ.P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[3]  Under Fed.R.Civ.P. 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[4]  Similarly, D.Kan. Rule 37.2 requires the movant to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[5]  D.Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith

---

[3] Fed.R.Civ.P. 37(a)(1) (2008).

[4] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, No. Civ. A. 05-2369-JWL, 2007 WL 677726, at *2 (D.Kan. March 2, 2007).

[5] D.Kan. Rule 37.2 (2008).

converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[6]

The purpose of Fed.R.Civ.P. 37(a)(1) and D.Kan. Rule 37.2 is to "encourage resolving discovery disputes without judicial involvement."[7]  In determining whether the moving party has satisfied its "meet and confer" duty, the Court "looks beyond the sheer quantity of contacts.  It examines their quality as well."[8]  The court in *Cotracom Commodity Trading Co. v. Seaboard Corp.* summarized the analysis of the moving party's "meet and confer" attempts well:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery.  The parties need to address and discuss the propriety of asserted objections.  They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention.  They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[9]

### B.    Efforts to Confer

Bunge's Certificate of Conference (doc. 640) (the "Certificate"), filed contemporaneously with the Motion to Compel, states that counsel for Bunge attempted, in good faith, to obtain the requested discovery without the need for Court intervention.  Counsel for Bunge sent counsel for F&C an e-mail requesting to schedule a time to meet and confer with counsel for F&C regarding F&C's discovery responses before the deadline for Bunge to file a motion to compel.  Counsel for

---

[6] *Id.*

[7] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *see also VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D.Kan. June 8, 1999).

[8] *Cotracom*, 189 F.R.D. at 459.

[9] *Id.*

F&C did not respond to Bunge's request to meet and confer other than to ask counsel for Bunge when Bunge's time to move to compel expired according to Bunge's calculations.  Bunge then moved this Court for additional time to meet and confer with the insurers, including F&C, regarding the discovery responses, which the Court granted.[10]

While Bunge's motion for additional time to meet and confer was still pending before this Court, but after the original deadline for Bunge to file a motion to compel with respect to F&C's discovery responses had passed, counsel for Bunge sent counsel for F&C another e-mail regarding F&C's discovery responses.  In this e-mail, counsel for Bunge set forth Bunge's specific issues with F&C's discovery responses and again requested that counsel for F&C meet and confer to discuss these discovery issues.  Counsel for F&C responded to counsel for Bunge via e-mail stating that the time to set forth alleged deficiencies with F&C's discovery responses had expired, it was F&C's position that counsel for Bunge had not made a real effort to meet and confer prior to the expiration of Bunge's deadline to meet and confer, and that F&C had opposed Bunge's motion for an extension of time to meet and confer.

Counsel for Bunge responded via e-mail to counsel for F&C stating that counsel for Bunge took this response as an unqualified refusal to further confer.  Counsel for F&C responded via e-mail stating that he had no problem with requests to confer that are made in a timely fashion, but by Bunge's own admission (through its request to the Court for more time to meet and confer) the time to meet and confer had expired.  Counsel for F&C also stated that he thought certain documents discussed in counsel for Bunge's earlier e-mail had already been produced, but if that was not the

---

[10] *See* Bunge's Motion for Extension of Time to Meet and Confer Regarding Insurers' Discovery Responses and to File any Necessary Motions to Compel (doc. 602).

case he would get those documents to counsel for Bunge as soon as possible.

### C.    Analysis

The Court finds that counsel for Bunge conferred and made reasonable efforts to confer with counsel for F&C before filing its Motion to Compel.  The Court reviews all of the surrounding circumstances in determining whether or not Bunge has made reasonable efforts to confer under Fed.R.Civ.P. 37 and D.Kan. Rule 37.2.[11]  The Court has reviewed the Certificate, the relevant correspondence exchanged between the parties, and the parties' contentions regarding the discovery issues raised in the Motion to Compel.

The evidence before the Court shows that counsel for Bunge did more than mail or fax a letter to counsel for Bunge before filing the Motion to Compel.  Rather, the e-mails exchanged between counsel for the parties demonstrate that the specific discovery disputes were raised and counsel for Bunge made reasonable attempts to meet and confer with counsel for F&C regarding these issues.  Despite counsel for F&C's protests regarding the timing of the efforts to meet and confer, counsel for Bunge did satisfy the applicable time requirement - it made reasonable attempts to meet and confer before filing this Motion to Compel.   Accordingly, the Court finds that Bunge has satisfied the conference requirements set forth in Fed.R.Civ.P. 37 and D.Kan. Rule 37.2. Having determined that counsel for Bunge satisfied the conference requirements, the Court will address the merits of Bunge's Motion to Compel.

## III.    INTERROGATORY NO. 5.

In its Motion to Compel, Bunge argues that F&C's response to Interrogatory No. 5 is insufficient and asks the Court to compel F&C to supplement its response to Interrogatory No. 5.

---

[11] *See Wilbert v. Promotional Resources, Inc.*, No. Civ. A. 98-2370-GTV, 1999 WL 760524, at *2 (D.Kan. Sept. 21, 1999).

Bunge's Interrogatory No. 5 asks F&C to state the date and amount of certain payments made by F&C or any of its affiliates to Johnson & Higgins or Marsh. F&C responded to Interrogatory No. 5 on January 11, 2008 by making several objections and then stating that subject to and without waiving the foregoing objection or the general objections, F&C had been unable to locate any such information. F&C further answered that on January 9, 2008, Bunge produced to F&C over 500 pages of documents obtained by Bunge from Marsh & McLennan and that, after conducting a detailed review of these documents, F&C would supplement its response to Interrogatory No. 5 if necessary.

Bunge claims that F&C "dodged" and failed to answer Interrogatory No. 5. In support of its request to compel F&C to supplement its response to Interrogatory No. 5, Bunge claims that F&C's response was improper when made. Bunge further argues that even if F&C's answer had been proper when made, F&C has had sufficient time to review the documents referenced in F&C's answer to Interrogatory No. 5 and yet F&C still has not answered Interrogatory No. 5.

The Court is not persuaded by Bunge's arguments. F&C answered Interrogatory No. 5. According to F&C's verified answer to Interrogatory No. 5, F&C has not been able to locate information responsive to Interrogatory No. 5. The Court has no reason to doubt the truthfulness of this answer. Furthermore, the fact that F&C expressly stated that it would supplement its response to Interrogatory No. 5 if necessary does not rendered its response objectionable. Indeed, F&C has an obligation to supplement its response to Interrogatory No. 5 if F&C "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery

process or in writing."[12]  Accordingly, the Court finds that F&C has answered Interrogatory No. 5

and denies Bunge's request to compel F&C to supplement its response to Interrogatory No. 5.

## IV.   DOCUMENT REQUEST NOS. 13 & 14, AND DOCUMENT F&C400037

Bunge asks this Court to compel F&C to produce unredacted, legible copies of documents

responsive to Bunge's Document Request Nos. 13 and 14, produced at F&C400001 through

F&C400008, and to compel F&C to produce an unredacted, legible copy of F&C400037.  As a

preliminary matter, the Court notes that while Bunge's Motion to Compel requests production of

unredacted, legible copies of documents bates numbered F&C400001 through F&C400008 and

F&C400037, a review of the documents themselves shows that only the first five (5) pages

(F&C400001 through F&C400005) and F&C400037 contain redacted information, the privilege log

provided by F&C only lists F&C400001 through F&C400005 and F&C400037, and Bunge's Reply

in Support of Motion to Compel Discovery From F&C and for Sanctions (doc. 681) requests that

the Court compel F&C to produce unredacted, legible copies of F&C400001 through F&C400005

and F&C400037.  Thus, the Court finds that there is no grounds for producing unredacted, legible

copies of F&C400006 through F&C400008, as these documents have already been produced in a

legible and unredacted format.

### A.   Document Request Nos. 13 & 14 (Documents F&C400001 through F&C400005)

In response to Document Request Nos. 13 and 14, F&C produced documents bates numbered

F&C400001 through F&C400008.  Documents F&C400001 through F&C400005 contain redacted

portions.  Bunge argues that F&C has not met its burden to demonstrate why the redacted portions

of F&C400001 through F&C400005 are immune from discovery.  Bunge further argues that the

---

[12] Fed.R.Civ.P. 26(e) (2008).

redacted documents produced by F&C amount to an evasive or incomplete disclosure, answer or response which must be treated as a failure to disclose, answer or respond and, therefore, that F&C should be compelled to produce unredacted, legible copies of F&C400001 through F&C400005. F&C argues that documents F&C400001 through F&C400005 pertain to a worker's compensation claim asserted by a former Bunge employee and that the redacted portions of the documents contain information describing confidential settlement negotiations between F&C and the widow of the former Bunge employee.  Thus, F&C argues, the redactions were made to protect the progress of confidential settlement negotiations and strategies that were formulated and used during those negotiations and in anticipation of litigation.  In addition, F&C's privilege log notes that these documents are protected by the "work product privilege/settlement communications."  It appears that F&C claims the redacted portions of documents F&C400001 to F&C400005 are immune from discovery because (1) they are protected by the work product privilege, (2) they are confidential, and/or (3) they are settlement communications and thus privileged.

### 1.    Work Product Privilege

As the party asserting the privilege, F&C has the burden of establishing its existence.[13]  To carry this burden, F&C must make a clear showing that the work product privilege applies.[14]  To show that the work product privilege applies, F&C must establish all elements of the work product privilege and this burden can only be met by an evidentiary showing based on competent evidence.[15]

---

[13] *See Johnson v. Gmeinder*, Nos. Civ. A. 98-2556-GTV, 98-2585-GTV, 2000 WL 133434, at *4 (D.Kan. Jan. 20, 2000) (*quoting Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. Civ. A. 94-2395-GTV, 1995 WL 625962, at *7 (D.Kan. Oct. 5, 1995)).

[14] *See McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D.Kan. 2000) (*citing Ali v. Douglas Cable Commc'ns, Ltd. Partnership*, 890 F.Supp. 993, 944 (D.Kan. 1995)).

[15] *Id.* at 683 (citations omitted).

To establish the applicability of the work product privilege, F&C must show the following elements: "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[16] "[T]he Federal Rules of Civil Procedure require a fairly detailed and specific showing to withhold discovery on privilege grounds."[17] "The information provided [in a privilege log] must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied."[18] Indeed,

> [p]arties who withhold discovery on privilege grounds must "make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."[19]

"The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived."[20]

The Court finds that F&C has failed to satisfy the requirements of Fed.R.Civ.P. 26(b)(5) with respect to its privilege objections asserted in its privilege log. F&C's privilege log does not provide sufficient information to enable the Court to determine whether each element of the asserted privilege is satisfied. However, even if the Court were to conclude that the privilege log was

---

[16] *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D.Kan. 2000) (citations omitted).

[17] *In re Universal Serv. Fund Telephone Billing Practices Litig.*, 232 F.R.D. 669, 671 (D.Kan. 2005) (*citing* Fed.R.Civ.P.26(b)(5)).

[18] *Id.* at 673 (D.Kan. 2005) (*quoting Hill v. McHenry*, No. Civ. A. 99-2026-CM, 2002 WL 598331, at *2 (D.Kan. Apr. 10, 2002)) (quotations omitted).

[19] *Simmons Foods, Inc. v. Willis*, No. Civ. A. 97-4192-RDR, 2000 WL 204270, at *4 (D.Kan. Feb. 8, 2000) (*quoting* Fed.R.Civ.P. 26(b)(5)).

[20] *In re Universal*, 232 F.R.D. at 671 (citations omitted).

sufficient to satisfy the requirements of Fed.R.Civ.P. 26(b)(5), the Court finds that the arguments set forth by F&C in its opposition to Bunge's Motion to Compel fail to establish the applicability of the work product privilege.

A review of the redacted documents and F&C's opposition to Bunge's Motion to Compel demonstrates that F&C has established at least two of the three elements of the work product privilege.  It is clear that the material sought to be protected by the work product privilege is documents.  Although F&C has not stated as much, it also appears from the face of documents F&C400001 through F&C400005 that the documents were created by F&C.  The top of each document in question contains a header stating "CNA," which is The Fidelity and Casualty Company of New York, and F&C is the successor by merger to The Fidelity and Casualty Company of New York.  Thus, the remaining question is whether or not documents F&C400001 through F&C400005 were prepared in anticipation of litigation.

The issue of whether documents were prepared in anticipation of litigation was extensively analyzed by Magistrate Judge Rushfelt in *Marten v. Yellow Freight System, Inc.*:

> The work product standard has two components. The first is what may be called the "causation" requirement. This is the basic requirement of the Rule that the document in question be produced because of the anticipation of litigation, i.e., to prepare for litigation or for trial. The second component is what may be termed a "reasonable-ness" limit on a party's anticipation of litigation. Because litigation can, in a sense, be foreseen from the time of occurrence of almost any incident, courts have interpreted the Rule to require a higher level of anticipation in order to give a reasonable scope to the immunity.

> The court looks to the primary motivating purpose behind the creation of the document to determine whether it constitutes work product. Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work product doctrine. The inchoate possibility, or even the likely chance of litigation, does not give rise to work product. To justify work product protection, the threat of litigation must be "real and imminent." To determine the applicability of the work product doctrine, the court generally needs more than mere assertions by the party resisting discovery that documents or other tangible items were created in

anticipation of litigation.[21]

The privilege log provided by F&C to Bunge (doc. 640-17) states that documents F&C400001 through F&C400005 are protected by the work product privilege.  In addition, in its opposition to Bunge's Motion to Compel, F&C claims that portions of documents F&C400001 through F&C400005 were redacted to protect the progress of confidential settlement negotiations with the widow of a former Bunge employee and strategies that were formulated and used during those negotiations and in anticipation of litigation.

F&C's mere conclusory assertions as to the applicability of the work product doctrine in its privilege log does not satisfy F&C's burden of proof.[22]  Further, F&C's opposition to Bunge's Motion to Compel does not provide the Court with sufficient evidence to determine whether or not documents F&C400001 through F&C400005 were created in anticipation of litigation.  The Court needs more than F&C's conclusory assertion that these documents were created in anticipation of litigation to determine whether the work product privilege applies.  The Court needs sufficient evidence to determine whether or not the documents were created in the ordinary course of business and to determine whether or not the threat of litigation was real and imminent.[23]  Accordingly, the Court finds that F&C has not satisfied its burden to establish the applicability of the work product privilege with respect to documents F&C400001 through F&C400005 and, thus, the Court overrules this objection.

## 2.    Confidentiality

---

[21] *Marten v. Yellow Freight System, Inc.*, No. Civ. A. 96-2013-GTV, 1998 WL 13244, at *10 (D.Kan. Jan. 6, 1998) (citations and quotations omitted).

[22] *See American Cas. Co. of Reading, PA v. Healthcare Indem., Inc.*, No. Civ. A. 00-2301-DJW, 2001 WL 1718275, at *2 (D.Kan. May 21, 2001) (quotations omitted).

[23] *See Marten*, 1998 WL 13244, at *10.

F&C's claim that the redacted information in documents F&C400001 through F&C400005 is confidential information does not render the requested information immune from discovery. The fact that requested information may be confidential does not make the requested information privileged and, thus, F&C's objection does not shield the requested information from discovery.[24] "Although information is not shielded from discovery on the sole basis that the information requested is confidential, a party may request the court enter a protective order pursuant to Fed.R.Civ.P. 26(c) as a means to protect such confidential information."[25] Here, F&C appears to already have taken advantage of the protective order in place in this case by marking documents F&C400001 through F&C400005 with the word "Confidential." To the extent that F&C believes that the redacted information is not protected by the protective order in this case, it may request that the Court enter another protective order or modify the current protective order. The Court overrules F&C's objection based on confidentiality.

### 3. Settlement Communications

F&C also argues that the redacted information in documents F&C400001 through F&C400005 is not discoverable, in part, because the redacted information describes confidential settlement negotiations between F&C and the widow of Bunge's former employee with respect to worker's compensation benefits. To the extent that F&C is claiming that the settlement communications are protected by some privilege, such a federal settlement privilege under Fed.R.Civ.P. 408 or under Fed.R.Evid. 501, the Court finds this argument unpersuasive. As the

---

[24] *See Doebele v. Sprint Corp.*, No. Civ. A. 00-2053-KHV, 2001 WL 1718259, at *7 (D. Kan. June 5, 2001).

[25] *Id.*

13

party asserting a privilege, F&C has the burden of establishing its existence.[26]  F&C has failed to provide the Court with any evidence that a privilege applies that would protect the settlement communications redacted from F&C400001 through F&C400005.  Thus, the Court need not make any determination regarding the existence or applicability of a federal settlement privilege.  The Court finds that F&C has failed to meet its burden to establish that a privilege applies to the redacted information and, thus, overrules this objection.

### B.      Document Request No. F&C400037

Bunge claims that F&C redacted document F&C400037 without adequate explanation and asks this Court to order F&C to produce an unredacted, legible copy of document F&C400037. F&C argues that the redacted portion of document F&C400037 is protected by the work product privilege and the attorney-client privilege.  As set forth in more detail above, F&C has the burden of establishing the applicability of the work product privilege and the attorney-client privilege.[27] To satisfy this burden, F&C "must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery."[28]  Fed.R.Civ.P. 26(a)(5) requires that F&C describe the redacted portion of document F&C400037 so as to enable the Court to assess the applicability of the work product privilege and the attorney-client privilege.[29]  The Court has already reviewed the privilege log produced by F&C to Bunge and found that the privilege log is inadequate and fails to satisfy the requirements of Fed.R.Civ.P. 26(b)(5).  As such, the Court does not possess sufficient information to determine whether each element of the work product privilege has been

---

[26]*See Johnson*, 2000 WL 133434, at *4 (*quoting Audiotext*, 1995 WL 625962, at *7).

[27] *See Johnson*, 2000 WL 133434, at *4 (*quoting Audiotext*, 1995 WL 625962, at *7).

[28] *Simmons Foods*, 2000 WL 204270, at *4 (quotations and citations omitted).

[29] *See In re Universal,* 232 F.R.D. at 673.

satisfied or to determine whether each element of the attorney client privilege has been satisfied. Given F&C's failure to provide the required information, the Court could grant Bunge's Motion to Compel with respect to document F&C400037. However, in light of the nature of the requests, the Court will defer ruling on Bunge's Motion to Compel with respect to document F&C400037 and directs F&C to provide Bunge a list with a detailed description of the redacted information in dispute. As set forth by this Court in *Simmons Foods, Inc. v. Willis*, the description should include at least the following information:

    1. A description of the document (i.e. correspondence, memorandum, etc.);

    2. Date prepared or date notations made;

    3. Date of document (if different from # 2);

    4. Who prepared the document or made notations on the document;

    5. For whom the document was prepared and to whom the document was directed;

    6. Purpose of preparing the document or making the notations;

    7. Number of pages of each document; and

    8. Basis for withholding discovery.[30]

## V.    DOCUMENT REQUEST NOS. 34 THROUGH 40

Bunge argues that F&C's objections to Document Request Nos. 34 through 40 are insufficient and unsupported and asks this Court to compel F&C to produce all documents responsive to these requests. According to F&C, Document Request Nos. 34 through 40 seek the contents of certain CD-ROMs. F&C claims it received the documents at issue as part of its involvement in a joint defense group comprised of F&C and various other insurers in this action.

---

[30] *Simmons Foods*, 2000 WL 204270, at *5.

These documents were originally obtained by counsel for various insurers, acting on behalf of the joint defense group, pursuant to multiple requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Kansas Open Records Act ("KORA"), KSA § 45-215 *et seq*. Counsel for certain insurers, acting on behalf of the joint defense group, then selected certain documents that they wanted retrieved from various governmental agencies.  Then counsel for one of the insurers had a set of selected documents formatted and imaged into searchable .pdf files that were reproduced on CD-ROMs, which were then distributed to individual insurers involved in this action, including F&C.  F&C and the other insurers paid a share of the approximate $10,000.00 that was incurred in selecting the documents and creating the CD-ROMs.

F&C claims that the documents responsive to Document Request Nos. 34 through 40, which according to F&C are contained on certain CD-ROMs, are protected by the work product privilege, as both opinion work product and fact work product.  F&C argues that the selection and organization of certain documents on the CD-ROMs reflect the mental impressions and thought processes of the attorneys who created them and, therefore, that the CD-ROMs and the contents of the CD-ROMs are not subject to disclosure because they are protected by the work product privilege as opinion work product.  In addition, F&C claims that the CD-ROMs contain fact work product and that Bunge has failed to meet its burden to obtain the documents.

The Court has already discussed the work product privilege at length above.  The Court notes that F&C has not provided any privilege log to the Court regarding the documents responsive to Document Request Nos. 34 through 40 and thus it appears that F&C has failed to satisfy the requirements of Fed.R.Civ.P. 26(b)(5) with respect to its privilege objections.  In addition, F&C's Response to Bunge's Request for Production and Interrogatories (doc. 640-3) fails to provide sufficient information to enable the Court to determine the applicability of the asserted work product

16

privilege.  Regardless, the Court has considered the arguments set forth in F&C's opposition to Bunge's Motion to Compel and finds that F&C has failed to establish the applicability of the work product privilege.

Courts have generally recognized a difference between fact work product and opinion work product.[31]  "Documents containing factual information prepared in anticipation of litigation are generally referred to by the courts as 'fact work product' and documents containing the mental impressions of an attorney are generally referred to as 'opinion work product.'"[32]

As the party asserting the fact work product privilege, F&C has the burden of establishing the applicability of the privilege.  F&C's conclusory assertion that the documents responsive to Document Request Nos. 34 through 40 contain fact work product  is insufficient to establish the applicability of the privilege.  Further, F&C itself explained that the documents responsive to Document Request Nos. 34 through 40 were obtained from various governmental agencies in response to requests made pursuant to the FOIA and the KORA.  Thus, it seems clear that the factual information contained in the documents at issue could not have been prepared in anticipation of litigation since there were prepared by the various governmental agencies, which are not parties to this action, in the ordinary course of their business.  Thus, the Court overrules F&C's fact work product objection to the production of documents responsive to Document Request Nos. 34 through 40.

F&C also argues that the selection and organization of the documents responsive to Document Request Nos. 34 through 40, which are contained on certain CD-ROMs, reflect the

---

[31] *See Williams v. Sprint/United Mgmt. Co.*, No. Civ. A. 03-2200-JWL, 2007 WL 634873, at *3 (D.Kan. Feb. 27, 2007).

[32] *Simmons Foods, Inc. v. Willis*, 196 F.R.D. 610, 612 (D.Kan. 2000) (citations omitted).

mental impressions and thought processes of the attorneys who created them and, thus, these documents are protected as opinion work product.    F&C claims that Bunge could have made its own FOIA and KORA requests and, thus, the "real" reason Bunge wishes to obtain these documents from F&C is because Bunge wants to see how and why the insurers' attorneys selected and organized the set of documents contained on the CD-ROMs, thereby gaining insight into the mental impressions and determinations of F&C and other members of the joint defense group.  The Court need not determine whether or not the joint defense privilege exists or is applicable here because F&C has failed to meet its burden of establishing the applicability of the opinion work product.

This Court has previously held (in the context of an inquiry into what documents a deponent reviewed prior to a deposition) that the selection and grouping of information does not transform discoverable documents into work product.[33]  The Court is not persuaded by F&C's argument that the selection and organization of the documents in this case somehow reveals the mental impressions of the attorneys for F&C.  As Judge Seitz of the Third Circuit stated in his dissenting opinion in *Sporck v. Peil*,

> The problem with [this] theory is that it assumes that one can extrapolate backwards from the results of a selection process to determine the reason a document was selected for review by the deponent. There are many reasons for showing a document or selected portions of a document to a witness. The most that can be said from the fact that the witness looked at a document is that someone thought that the document, or some portion of the document, might be useful for the preparation of the witness for his deposition. This is a far cry from the disclosure of the a[sic] lawyer's opinion work product. Even assuming that the documents were selected by the petitioner's attorney, the subject matter is so undifferentiated that its potential for invasion of

---

[33] *See Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc. Bottling Group L.L.C.*, No. Civ. A. 01-2009-KHV, 2001 WL 1478659, at *3 (D.Kan. Nov. 8, 2001); *see also Audiotext Commc'ns Network v. US Telecom, Inc.*, 164 F.R.D. 250, 252 (D.Kan. 1996).

work product is minuscule at best.[34]

While *Spordk* and *Pepsi-Cola* both dealt with requests for documents reviewed by a witness prior to a deposition, the Court finds the reasoning expressed by Judge Seitz persuasive here as well. The documents at issue here are available to the public and thus are discoverable. The fact that certain attorneys selected and organized the documents does not rendered them privileged. There are a number of reasons that the documents may have been selected. At most, Bunge will be privy to the same information that F&C has reviewed. The risk for invasion of work product is minimal at best. Thus, the Court finds that F&C has failed to satisfy its burden of establishing the opinion work product privilege with respect to the documents responsive to Document Request Nos. 34 through 40 and, thus, overrules this objection.

## VI.   LEGIBILITY OF DOCUMENTS PRODUCED BY F&C

Bunge served its Requests for Production and Interrogatories (doc. 640-2) to F&C on December 7, 2007. On January 11, 2008, F&C served its Response to Bunge's Request for Production and Interrogatories (doc. 640-3). In response to Document Request Nos. 13 and 14, F&C stated that it had located some responsive documents and would produce them shortly. The responsive documents were produced to Bunge on March 14, 2008, bates numbered F&C400001 through F&C400042. Bunge argued in its Motion to Compel that the documents produced were improperly redacted and illegible. The Court has already discussed Bunge's objections with respect to the redacted portions of these documents. The Court will now address the issue of legibility of documents F&C400009 through F&C400042.

The Court has reviewed the pleadings as well as the various correspondence between counsel

---

[34] *Pepsi-Cola*, 2002 WL 113879, at *2 (*quoting Sporck v. Peil*, 759 F.2d 312, 319 (3rd Cir.1985) (Seitz, Circuit Judge, dissenting)).

for the parties regarding obtaining legible copies of documents.  It appears from Bunge's Reply (doc. 681) that F&C has provided some legible documents to Bunge, but that several of the documents remain illegible, including documents F&C400016, F&C400017, F&C400018, F&C400019, F&C400020, F&C400027, F&C400028, F&C400029, F&C400034, F&C400035, and F&C400042. F&C has not provided any explanation as to why legible copies of these documents are not available. Accordingly, the Court  orders F&C to produce legible copies of documents F&C400009 through F&C400042.

**VII.    SANCTIONS**

Bunge asks the Court to award its costs for filing its Motion to Compel together with any other sanctions the Court deems appropriate pursuant to Fed.R.Civ.P. 37.  Fed.R.Civ.P. 37(a)(5) provides in pertinent part that if the motion to compel discovery is granted in part and denied in part, as is the case here, the court may, after giving an opportunity to be heard, "apportion the reasonable expenses for the motion."[35]  Furthermore, under Fed.R.Civ.P. 37(c), if a party fails to provide information as required by Fed.R.Civ.P. 26(e), the party is prohibited from using the withheld information to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, Fed.R.Civ.P. 37(c) also allows the Court, on motion and after giving an opportunity to be heard, to order payment of the reasonable expenses, including attorney's fees, caused by a party's failure to provide information as required by Fed.R.Civ.P. 26(e).  The parties have fully briefed the issue of sanctions and, thus, the Court finds that F&C has been given an opportunity to be heard on the issue of sanctions. Accordingly, the Court will determine whether or not sanctions are appropriate here.

---

[35] Fed.R.Civ.P.37(a)(5)(C) (2008).

Bunge argues, in part, that F&C should be required to pay its costs for filing the Motion to Compel because documents F&C400009 through F&C400042, which were produced to Bunge by F&C on March 14, 2008, should have been produced earlier because these same documents were also responsive to Bunge's document request number 34 of Bunge's First Set of Requests for Production to Each of the Insurance Company Parties, which Bunge served on F&C on July 7, 2006. Bunge argues that the failure to provide these documents prejudiced Bunge because it left Bunge without the opportunity to ask certain deponents, such as Deborah Nix and Robert Gethard, important questions regarding these documents and their significance.

F&C argues that documents F&C400009 through F&C400042 were generated in late 2007 and that Bunge did not suffer any prejudice as a result of the timing of the production of these documents. F&C claims that the documents relate to certain activities reports and searches performed by F&C for missing policies and that F&C never designated Deborah Nix as a Rule 30(b)(6) witness on those topics. However, F&C does admit that at the time of Deborah Nix's deposition, F&C allowed her to testify about the searches for those policies. But F&C goes on to argue that Bunge changed the scope of Deborah Nix's deposition at the last minute to include information regarding the search for certain policies, that Bunge did not request that Deborah Nix bring documents relating to the various policy searches with her to her deposition and, even if it had, the fact that the documents would not have been at the deposition would have been understandable based on Bunge's late notice of the change of the deposition topics.

The Court has considered the parties' arguments and is persuaded that sanctions are appropriate here. F&C does not dispute that documents F&C400009 through F&C400042 are responsive to Bunge's document request number 34 of Bunge's First Set of Requests for Production to Each of the Insurance Company Parties, which Bunge served on F&C on July 7, 2006. F&C

21

should have supplemented its responses to Bunge's 2006 document request number 34 soon after these documents were created in late 2007. Instead, F&C provided the documents to Bunge in March of 2008, and several of these documents produced were not completely legible. Fed.R.Civ.P. 37(c)(1) permits the Court to impose "appropriate sanctions" when a party fails to timely supplement its discovery responses as required under Fed.R.Civ.P. 26(e). In addition, Fed.R.Civ.P. 37(a)(5) permits the Court to apportion the reasonable expenses for the motion to compel when the motion to compel is granted in part and denied in part. Considering the circumstances of this case, the Court finds that the appropriate sanction is to require F&C to pay the reasonable expenses, including attorney's fees, incurred by Bunge in connection with filing its Motion to Compel. Bunge shall file an affidavit reflecting the amount of fees and expenses that Bunge has incurred in connection with filing the Motion to Compel, and for the filing of any related briefs.

## VIII.   CONCLUSION

For the foregoing reasons, Bunge's Motion to Compel (doc. 640) is granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Bunge's request to compel F&C to supplement its response to Interrogatory No. 5 is denied.

**IT IS FURTHER ORDERED** that the Bunge's request to produce unredacted, legible copies of F&C400006 through F&C400008 is denied as moot, as these documents have already been produced in a legible and unredacted format.

**IT IS FURTHER ORDERED** that F&C shall produce unredacted, legible copies of documents F&C400001 through F&C400005 by **June 30, 2008**. Such production shall take place at the offices of Bunge's counsel or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that the Court will defer ruling on Bunge's Motion to Compel with respect to document F&C400037.  F&C is directed to provide counsel for Bunge a list with a detailed description of the redacted information in dispute by **June 30, 2008**.  The description should include at least the following information:

1. A description of the document (i.e. correspondence, memorandum, etc.);

2. Date prepared or date notations made;

3. Date of document (if different from # 2);

4. Who prepared the document or made notations on the document;

5. For whom the document was prepared and to whom the document was directed;

6. Purpose of preparing the document or making the notations;

7. Number of pages of each document; and

8. Basis for withholding discovery.

Bunge shall have through and until **July 7, 2008** to file a motion with the Court informing the Court of any continued problems or issues Bunge has with the redaction on document F&C400037.  If Bunge files such a motion, F&C shall have through and until **July 14, 2008** to file a response to Bunge's motion.

**IT IS FURTHER ORDERED** that F&C shall produce documents responsive to Document Request Nos. 34 through 40 by **June 30, 2008**.  Such production shall take place at the offices of Bunge's counsel or at any other location agreed upon by the parties.

**IT IS FURTHER ORDERED** that F&C shall produce legible copies of documents F&C400009 through F&C400042 by **June 30, 2008**.  Such production shall take place at the offices of Bunge's counsel or at any other location agreed upon by the parties.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of June 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:      All counsel and *pro se* parties