DJW/sr

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES FIRE INSURANCE COMPANY, et at.,**

    **Plaintiffs,**

v.                                     Case No:  05-cv-2192-JWL-DJW

**BUNGE NORTH AMERICA, INC., et al.,**

    **Defendants,**

v.

**THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, et al.,**

    **Additional Cross-Claim Defendants.**

### MEMORANDUM AND ORDER

Before the Court is Bunge North America, Inc.'s and Travelers Casualty and Surety Company's Joint Motion for Reconsideration and Motion for Leave to File Responses to Continental's Motion to Realign the Parties and Amend Case Caption (doc. 679) (the "Motion"). For the reasons set forth below, the Motion is granted.

**I.     RECONSIDERATION**

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[1] the District of Kansas has promulgated a local rule, D.Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.  Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in

---

[1] *Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995).

controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[2]

"A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence."[3] The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[4]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[5] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present its strongest case in the first instance."[6]

---

[2]*Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[3]*Doerge v. Crum's Enters, Inc.,* No. Civ. A. 05-1019-JTM, 2007 WL 1202450, at *1 (D.Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan.1989)).

[4]*Classic Communc'ns, Inc. v. Rural Tel. Svc., Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998).

[5]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[6]*Steinert v. Winn Group, Inc.*, No. Civ. A. 98-2564-CM, 2003 WL 23484638, at *2 (D.Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. Civ. A. 99-4071-JAR, 2003 WL 21536881, at *1 (D.Kan. July 2, 2003)).

Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.[7]  Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[8]

## II. ANALYSIS

Reconsideration is appropriate here.  The Order granting Continental's Motion to Realign the Parties and Amend the Case Caption (doc. 676) was entered based on certain facts that the Court now understands are incorrect, including that certain parties had reached settlements and that the remaining parties agreed to the form of realignment and revision of the case caption. Based on its misunderstanding of these facts, the Court granted Continental's Motion to Realign the Parties and Amend the Case Caption (doc. 671) without waiting for a response from either Bunge or Travelers.  Thus, Bunge and Travelers are not seeking a second chance to revisit issues already addressed, but rather are seeking the first opportunity to respond to Continental's Motion to Realign the Parties and Amend the Case Caption (doc. 671).

## III. CONCLUSION

For the foregoing reasons, Bunge's and Travelers' Joint Motion for Reconsideration and Motion for Leave to File Responses to Continental's Motion to Realign the Parties and Amend Case Caption (doc. 679) is granted.

**IT IS THEREFORE ORDERED** that the Order granting Continental's Motion to Realign the Parties and Amend the Case Caption (doc. 676) is vacated.

---

[7]*RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[8]*Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

**IT IS FURTHER ORDERED** that Bunge and Travelers shall have until **July 3, 2008** to file their respective responses to Continental's Motion to Realign the Parties and Amend the Case Caption.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of June 2008.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties