IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES FIRE INSURANCE )
COMPANY, et al., )
 )
        Plaintiffs, )
 )
  v. ) Case No. 05-2192-JWL
 )
BUNGE NORTH AMERICA, INC., et al., )
 )
        Defendants, )
 )
  and )
 )
THE FIDELITY AND CASUALTY )
COMPANY OF NEW YORK, et al., )
 )
        Additional Cross-Claim Defendants. )
 )
_____)

## MEMORANDUM AND ORDER

In this case, Bunge North America, Inc. ("Bunge") claims liability insurance coverage relating to its environmental liability at three different sites in Kansas, under various policies issued by Travelers Casualty and Surety Company, f/k/a Aetna Casualty and Surety Company ("Travelers"), and Continental Insurance Company, successor to Fidelity and Casualty Company of New York ("Continental"). On June 4, 2008, Magistrate Judge Waxse issued a Memorandum and Order granting Bunge's motion to compel the production of various documents by Travelers (Doc. # 767). At issue is Travelers's motion for review of the Magistrate Judge's order pursuant to Fed. R. Civ.

P. 72(a) and Local Rule 72.1.4(a) (Doc. # 780). The motion is denied.

1. The Magistrate Judge compelled the production by Travelers of its agreements with an insurance broker and the date and amount of payments made to the broker relating to policies issued to Bunge. Travelers argues that Bunge did not make a sufficient showing that such information regarding Travelers's relationship to the broker is relevant. Bunge asserted in its motion to compel that the relationship was relevant to its contention, in response to Travelers's insufficient notice defense, that notice to Travelers was effected by notice to the broker (as Travelers's agent). The Pretrial Order does include a contention by Bunge that notice to Travelers was effected by notice to the broker. Accordingly, the Court concludes that the Magistrate Judge did not clearly err or act contrary to law[1] in overruling Travelers's relevance objection.[2]

The Magistrate Judge also overruled Travelers's objection based on Fed. R. Civ. P. 26(b)(2)(C)(ii), which provides that a court must limit discovery if it determines that a party had ample opportunity to obtain the information in discovery. Travelers argues that Bunge could have sought the information from the broker in third-party discovery. The Court rejects this argument as well. Despite Travelers's repeated reference to the

---

[1]The applicable standards for the Court's review of the Magistrate Judge's order are set forth in the Court's Memorandum and Order of July 23, 2007 (Doc. # 386).

[2]Travelers's citation to a deposition in which Bunge's counsel instructed his own witness not to answer a question regarding commission payments is frivolous. According to the transcript excerpt provided, the question came from Bunge's counsel, and he certainly had the right to withdraw it. Moreover, the fact that agency is not argued in the summary judgment briefs is immaterial.

2

Bunge's propounding the discovery requests on the last possible day, Travelers's has not shown that Bunge acted improperly when it requested the information instead from a party to the case within the discovery period. Rule 26(b)(2)(C)(i) provides for the limitation of discovery that may be obtained from some other source *if more convenient, less burdensome, or less expensive*. Travelers has not made any showing that the discovery would be more easily obtained from the broker than from it—in fact, as the Magistrate Judge ruled, Travelers waived any burdensomeness objection by not asserting it in response to the motion to compel.[3] The Magistrate Judge did not clearly err or act contrary to law in compelling the production of the requested information.

    2.    The Magistrate Judge also compelled the production of information relating to a liability claim made to Travelers by a different insured relating to one of the sites at issue here. Travelers argues that Bunge has not made a sufficient showing of relevance, and that any relation to the issue of prejudice is immaterial because prejudice need not be shown for an insufficient notice defense under New York law. The Court rejects this argument. The Magistrate Judge also found the information to be potentially relevant to Travelers's knowledge and information about the site, the consistency of its positions regarding the site, and Bunge's bad faith claim. The Magistrate Judge did not

---

[3]In *Green Construction Co. v. Kansas Power & Light Co.*, 732 F. Supp. 1550 (D. Kan. 1990), cited by Travelers, the court, in citing the "ample opportunity" provision of Rule 26(b), specifically found that the burden of producing the requested information outweighed the relevancy in that case. Again, in this case, Travelers has shown no undue burden in producing the requested information.

3

clearly err or act contrary to law in so ruling.[4]

In its objections, Travelers did not contest the Magistrate Judge's ruling that the allegedly confidential and proprietary nature of the requested information does not preclude its production.[5] Travelers has noted, however, that the Magistrate Judge, in ordering the production, did not limit the disclosure or use of the information to the litigation, and Travelers requests such an order from this Court. That request is more properly directed in the first instance to the Magistrate Judge, and the Court therefore denies the request.

3. Finally, the Magistrate Judge ordered Travelers to show cause why it or its attorneys should not be required to pay Bunge's fees and expenses associated with the motion to compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Travelers argues that this Court should rule that such an award is not warranted under the rule because Travelers's positions were substantially justified. *See id.* Even though this argument has not yet been presented to the Magistrate Judge, Travelers argues that the Magistrate Judge

---

[4]*Missouri Pacific Railroad Co. v. Aetna Casualty & Surety Co.*, 1995 WL 861146 (N.D. Tex. 1995), is *not* "**exactly** on all fours with this case," as Travelers asserts. In that case, the plaintiff sought information regarding claims by another insured at the same sites only as relevant to the insurer's interpretation of similar policy provisions. *See id.* at *2. In this case, Bunge and the Magistrate Judge identified different issues to which the requested information may be relevant.

[5]Travelers argues in its reply brief that the Magistrate Judge erred in failing to consider the confidential and proprietary nature of the information. The Court will not consider an issue first raised in a reply brief, however. *See, e.g.*, *Minshall v. McGraw Hill Broadcasting Co.*, 232 F.3d 1273, 1288 (10th Cir. 2003) (argument raised for first time in reply brief deemed waived).

4

clearly erred in issuing the show cause order after it had found that the relevance of Bunge's requests was not readily apparent on their face.

The Court rejects this argument. Relevance that is not readily apparent from the face of a request may become so after the propounder's explanation, and the refusal to produce the requested information may or may not then be substantially justified. The Magistrate Judge did not clearly err or act contrary to law in seeking Travelers's input on this issue.

IT IS THEREFORE ORDERED BY THE COURT THAT Travelers's motion for review of the Magistrate Judge's order regarding discovery (Doc. # 780) is **denied**. Travelers is ordered to provide information and produce documents in accordance with the Magistrate Judge's order on or before **July 11, 2008**. Travelers shall also respond to the Magistrate Judge's order to show cause regarding an award of fees and expenses by **July 11, 2008**.

IT IS SO ORDERED.

Dated this 3rd day of July, 2007, in Kansas City, Kansas.

    s/ John W. Lungstrum
    John W. Lungstrum
    United States District Judge

5